Mary Y. BURNS, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 483.

United States District Court
W. D. North Carolina,
Statesville Division.

Nov. 9, 1964.

**1020**

Joe P. Whitener, Hickory, N. C., for plaintiff.

William Medford, U. S. Atty., Asheville, N. C., and James O. Israel, Jr., and Joseph R. Cruciani, Asst. U. S. Attys., for defendant.

CRAVEN, Chief Judge:

This is an action under Section 205 (g) of the Social Security Act, as amended (42 U.S.C.A. § 405(g)), to review a final decision of the Secretary of Health, Education and Welfare disallowing the plaintiff's claim for a period of disability sought under Section 216(i) of the Act (42 U.S.C.A. § 416(i)), and disability insurance benefits sought under Section 223 of the Act (42 U.S.C.A. § 423).

Mary Burns filed her application for disability benefits in March 1957. The Hearing Examiner disallowed her claim, and the Appeals Council denied her request for review. The only question before this court is whether the Hearing Examiner's decision is supported by substantial evidence.

The three impairments involved are arthritis of the hands, possible arthritis of the lower back or hips, and a possible mental disorder. All complaints must be considered together in determining her work capacity. With respect to claimant's possible arthritis of the back, the medical evidence indicates only a minor impairment. The more serious ailment is claimant's arthritis of those joints of the fingers located nearest to the finger tips. In 1958 one doctor diagnosed the arthritis of the finger joints as a "disturbing symptom", but not disabling. In 1962 another doctor reported that the arthritis of the fingers "is well advanced and disabling." In the same year another stated that claimant's ability to work with her hands was limited. The last physical examination given claimant, which appears in the record, was in August 1962. The diagnosis was moderately severe arthritis of the hands and probable early changes in both hip joints.

In May of 1962 the claimant was examined by a psychiatrist. His prognosis was "adult situational reaction, characterized by symptoms of depression and anxiety." In a second psychiatric examination conducted in September 1962, it was reported that claimant "cries easily and at times is quick to display hostility toward anyone who would keep her from getting her compensation." The psychiatrist felt that claimant was suffering from some of the depressive effects of menopause and that she might settle down in the future. His diagnosis was a personality disorder characterized by exaggeration and/or simulation of various physical disorders.

It appears from the record that claimant is able to drive and does drive a car with automatic shift. She takes no medication at present for her arthritic condition, and the Examiner found that her condition did not require any dramatic pain killers such as procaine, demerol, or codeine.

The claimant has been employed in a number of capacities in the textile industry. A professor of psychology, testifying at the hearing as a vocational expert, expressed the opinion that the claimant could perform in some capacity similar to those jobs which she had held in the past. Examples given of light and semi-skilled or unskilled jobs she could perform, and which exist in the area where she lives, were (1) reeling machine operator, (2) twine-skein winder, (3) re-winder 2, (4) wrapping-machine operator, and (5) capping-machine operator.

From a careful reading of the record it is undoubtedly true that claimant does suffer some pain at times as a result of her arthritic condition; it may also be true that she is unable to completely close her hands because of the arthritis. But, though this is enough to establish a medically determinable impairment, it is not enough under the Social Security Act to establish a claim for disability benefits. "In addition to a medically determinable impairment, it must appear that the impairment causes inability to engage in any substantial gainful activity." Pearman v. Ribicoff, 307 F.2d 573 at 574 (4th Cir. 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 507, 9 L.Ed.2d 500. See: Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962). Nor are her other complaints so disabling, added to the arthritic hands, as to make clearly erroneous the conclusion of the Examiner that she is able to engage in substantial gainful activity. His decision is supported by substantial evidence.

Defendant's motion for summary judgment is granted. The claimant's motion for summary judgment is denied, and an order will be entered accordingly.