Joseph M. LATONA, Plaintiff-Appellant,

v.

Richard SCHWEIKER, as Secretary of Health and Human Services, Defendant-Appellee.

No. 1140, Docket 83–6015.

United States Court of Appeals, Second Circuit.

Submitted April 28, 1983.

Decided May 16, 1983.

---

Richard J. Lippes, Allen, Lippes & Shonn, Buffalo, N.Y., submitted a brief for plaintiff-appellant.

Salvatore R. Martoche, U.S. Atty., Kathleen M. Mehltretter, Asst. U.S. Atty., Buffalo, N.Y., submitted a brief for defendant-appellee.

Before LUMBARD, NEWMAN and PRATT, Circuit Judges.

PER CURIAM:

Joseph M. Latona appeals from a November 12, 1982, judgment of the District Court for the Western District of New York (John T. Elfvin, Judge) dismissing his complaint, which charged that the Secretary of Health and Human Services (the Secretary) improperly refused to reopen a prior final decision denying Latona's 1976 application for disability benefits made available pursuant to section 223 of the Social Security Act (the Act), 42 U.S.C. § 423 (1976). We agree with the District Court's conclusion that it lacked subject matter jurisdiction to review the decision sought to be challenged by Latona.

Latona's first application for disability benefits, filed on February 3, 1976, was denied initially and upon reconsideration. At Latona's request a hearing was held before an Administrative Law Judge (ALJ), who determined that Latona was not disabled as of March 31, 1977, the date he last met the insured status requirements of the Act. On August 26, 1977, the Appeals Council declined to review the ALJ's decision, which was thereupon adopted as the final decision of the Secretary. In a letter providing notice of the Secretary's decision, the Appeals Council informed Latona that he was entitled to seek judicial review by filing a complaint in the appropriate District Court within sixty days of receipt of the letter. Latona did not seek judicial review.

On March 17, 1980, Latona filed a second application for disability benefits. After a hearing (not required by the Act) a second ALJ found no "good cause" for reopening the Secretary's 1977 decision and rejected Latona's second application on grounds of administrative *res judicata*. By letter dated June 26, 1981, Latona was informed that the ALJ's decision had been adopted as the final decision of the Secretary. The letter further and erroneously stated that Latona was entitled to challenge the decision in federal court.

On August 10, 1982, Latona instituted the present action, alleging that the Secretary had improperly refused to reopen his prior decision denying Latona's first application. The Secretary moved the Court to dismiss the complaint for lack of subject matter jurisdiction. The Court granted the Secretary's motion and Latona now appeals.

With respect to judicial review of the Secretary's decisions, section 205 of the Act, 42 U.S.C. § 405 (1976 & Supp. IV 1980), provides in pertinent part:

(g) Judicial Review

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days . . . .

(h) Finality of Secretary's Decision

The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under [section 1331 et seq.] of Title 28 to recover on any claim arising under this subchapter.

In *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Supreme Court held that section 205(h) precludes judicial review of any "finding[ ] of fact or decision of the Secretary" except as provided in section 205(g). 422 U.S. at 757, 95 S.Ct. at 2463. In *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1976), the Supreme Court further held that the Secretary's refusal to reopen a prior final decision was a "decision of the Secretary" within the meaning of section 205(h), but was not a "final decision of the Secretary made after a hearing" within the meaning of section 205(g). *Salfi* and *Sanders,* when read together, compel the conclusion that, at least in the absence of a constitutional claim, the District Court lacked subject matter jurisdiction over the matters raised in Latona's complaint.

■ Latona's effort to distinguish *Sanders* is unavailing. First, Latona notes that, unlike the decision of the Secretary at issue in *Sanders,* the decision challenged here was preceded by a hearing. Latona contends that the Secretary's provision of a hearing brings his refusal to reopen his prior decision within the scope of section 205(g), which provides for judicial review of "any final decision of the Secretary made after a hearing . . . ." The literal interpretation of section 205(g) on which Latona's argument relies, however, was rejected by *Sanders,* which excluded from the scope of section 205(g) all decisions that were not *required* to be preceded by a hearing, whether or not they were in fact preceded by a hearing. 430 U.S. at 108, 97 S.Ct. at 985. *See Cappadora v. Celebrezze,* 356 F.2d 1, 4–5 (2d Cir. 1966), *cited with approval for this proposition in Sanders, supra,* 430 U.S. at 108, 97 S.Ct. at 985. Indeed, the implication of *Sanders* is that section 205(g) applies only to hearings required by the Act, as distinguished from the regulations. The Court noted that "the opportunity to reopen final decisions and any hearing convened to determine the propriety of such actions are afforded by the Secretary's regulations and not by the Social Security Act." 430 U.S. at 108, 97 S.Ct. at 986. It is not disputed that the Secretary could lawfully have refused to reopen his prior decision without granting Latona a hearing.

■ Latona next argues that in the June 26, 1981, letter the Secretary consented to suit by stating that Latona was entitled to seek judicial review. The Secretary responds that the statement on which Latona relies was inadvertently included in the letter and that, in any event, consent of the parties cannot create subject matter jurisdiction. The Secretary is correct. While the Secretary can expand the period of time in which a claimant may seek judicial review of a decision encompassed by section 205(g), either by waiving the "finality" requirement, *Matthews v. Eldridge,* 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976), or by waiving the sixty-day statute of limitations, *Weinberger v. Salfi, supra,* 422 U.S. at 763–64, 95 S.Ct. at 2465–66, the Secretary cannot, by consent or otherwise, create subject matter jurisdiction to review a decision that is not a "final decision made after a hearing" within the meaning of section 205(g).

The judgment is affirmed.