**Savino LOSCO, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 84 Civ. 3971 (RJW).**

United States District Court, S.D. New York.

March 12, 1985.

Tomkiel & Tomkiel, P.C., Yonkers, N.Y., for plaintiff; Stanley A. Tomkiel, III, Yonkers, N.Y., of counsel.

Rudolph W. Giuliani, U.S. Atty.; S.D. N.Y., New York City, for defendant; Donna H. Lieberman, New York City, of counsel.

## OPINION

ROBERT J. WARD, District Judge.

This is an action brought pursuant to section 205(g) of the Social Security Act as amended (the "Act"), 42 U.S.C. § 405(g), to review a final determination of the Secretary of Health and Human Services (the "Secretary"). That decision denied plaintiff's application for federal disability insurance benefits. Plaintiff moves for summary judgment pursuant to Rule 56, Fed.R. Civ.P.[1] The Secretary cross-moves for

---

1. Although styled as a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., plaintiff's motion is directed at only the pleadings, which include the administrative transcript appended to the Secretary's answer. *See Goldman v. Belden,* 754 F.2d 1059, 1065–66 (2d

judgment on the pleadings, pursuant to Rule 12(c), Fed.R.Civ.P. For the reasons hereinafter stated, plaintiff's motion is granted insofar as it seeks a remand to the Secretary. The Secretary's cross-motion is denied.

## BACKGROUND

Plaintiff is currently fifty-eight (58) years old. He has completed formal education through only the ninth grade. According to the administrative record, plaintiff has not worked since January 1981. (Tr. 23). He was last employed as a driver-chauffeur. Prior to that time he worked as a machine operator and thereafter as an insurance agent.

Plaintiff first applied for disability insurance benefits in July 1981, alleging that he had been disabled since January 1981 as a result of a severe back impairment. That application was denied on September 14, 1981, and plaintiff did not appeal that denial within the prescribed period.[2] Subsequently, on October 22, 1982, plaintiff filed a second application for disability insurance benefits, alleging that he had been disabled since January 1981 as a result of a severe back impairment. After plaintiff's application was denied initially and on reconsideration, he filed a timely request for an administrative hearing. Such a hearing was held on September 13, 1983, before Administrative Law Judge Ralph A. Celentano (the "ALJ"). Plaintiff appeared *pro se* at this hearing. In a decision dated January 13, 1984, the ALJ determined that plaintiff was not "disabled" within the meaning of the Act because plaintiff had retained the residual functional capacity for sedentary work, and therefore, that plaintiff was not entitled to disability insurance benefits. This determination became the final decision of the Secretary when it was adopted by the Appeals Council on April 5, 1984.

## DISCUSSION

### I.

The legal principles that govern the Court's decision on the instant motions are well settled. "Disability" is defined in the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The mere presence of an impairment is not disabling within the meaning of the Act. Rather, a person may be determined to be under a disability only if his or her impairment is of such severity

---

Cir.1985) (and citations thereat). Consequently, plaintiff's motion more properly should be and hereby is construed as a motion for judgment on the pleadings under Rule 12(c), Fed.R.Civ.P.

**2.** The ALJ declined to reopen or revise the Secretary's determination of September 14, 1981. Such decisions may be reopened within four (4) years from the date of the notice of the Secretary's decision upon a finding of "good cause." 20 C.F.R. § 404.988. Good cause to reopen a decision of the Secretary will be found to exist if:

    (1) New and material evidence is furnished;
    (2) A clerical error in the computation or recomputation of benefits was made; or
    (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
20 C.F.R. § 404.989.
It is well settled that a decision by the Secretary not to reopen a prior final decision is not subject to judicial review. As the Court of Appeals for the Second Circuit has observed:

In *Weinberger v. Salfi,* 422 U.S. 749 [95 S.Ct. 2457, 45 L.Ed.2d 522] (1975), the Supreme Court held that section 205(h) [of the Act] precludes judicial review of any "finding[ ] of fact or decision of the Secretary" except as provided in section 205(g). 422 U.S. at 757 [95 S.Ct. at 2462]. In *Califano v. Sanders,* 430 U.S. 99 [97 S.Ct. 980, 51 L.Ed.2d 192] (1976), the Supreme Court further held that the Secretary's refusal to reopen a prior final decision was a "decision of the Secretary" within the meaning of section 205(h), but was not a "final decision of the Secretary made after a hearing" within the meaning of section 205(g). *Salfi* and *Sanders,* when read together, compel the conclusion that, at least in the absence of a constitutional claim, the District Court lacked subject matter jurisdiction over the matters raised in Latona's complaint.
*Latona v. Schweiker,* 707 F.2d 79, 81 (2d Cir. 1983) (parallel citations omitted).

that the claimant is not only unable to do his or her previous work, but cannot engage in any kind of substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

The initial burden of proving disability is on the claimant. 42 U.S.C. § 423(d)(5), 20 C.F.R. § 404.1520; *see Bluvband v. Heckler*, 730 F.2d 886, 891 (2d Cir.1984); *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir.1984); *Rivera v. Schweiker*, 717 F.2d 719, 722 (2d Cir.1983); *Schauer v. Schweiker*, 675 F.2d 55 (2d Cir.1982); *Carter v. Schweiker*, 649 F.2d 937, 940 (2d Cir.1981); *Gold v. Secretary of HEW*, 463 F.2d 38, 41 (2d Cir.1972). The claimant satisfies this burden by making out a *prima facie* case, that is, by showing that his or her impairment prevents return to his or her prior employment, *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir.1980); *Bastien v. Califano*, 572 F.2d 908, 912–13 (2d Cir.1978). The burden then shifts to the Secretary, who must produce evidence to show the existence of alternative substantial gainful work that exists in the national economy that the claimant could perform. *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 1954, 76 L.Ed.2d 66 (1983); *Bluvband v. Heckler, supra*, 730 F.2d at 891; *Ferraris v. Heckler, supra*, 728 F.2d at 584; *Rivera v. Schweiker, supra*, 717 F.2d at 722–23; *Parker v. Harris, supra*, 626 F.2d at 231; *Bastien v. Califano, supra*, 572 F.2d at 912–13.

In reaching a conclusion as to disability, both objective and subjective factors are to be considered. These include objective medical facts, diagnoses or medical opinions based on such facts, subjective evidence of pain or disability testified to by the claimant or other witnesses, and the claimant's educational background, age, and work experience. *Ferraris v. Heckler, supra*, 728 F.2d at 585; *Carroll v. Secretary of HHS*, 705 F.2d 638, 642 (2d Cir. 1983); *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir.1980); *Bastien v. Califano, supra*, 572 F.2d at 912; *Gold v. Secretary of HEW, supra*, 463 F.2d at 41 n. 2. These factors need not be given equal weight.

The expert opinion of the claimant's treating physician is entitled to particular weight, and "in the absence of substantial contradictory evidence, the opinion of the claimant's treating physician is binding on the Secretary." *Hankerson v. Harris*, 636 F.2d 893, 896 (2d Cir.1980); *see Ferraris v. Heckler, supra*, 728 F.2d at 585; *Donato v. Secretary of HHS*, 721 F.2d 414, 419 (2d Cir.1983); *Rivera v. Schweiker, supra*, 717 F.2d at 723; *Carroll v. Secretary of HHS, supra*, 705 F.2d at 642; *Aubeuf v. Schweiker*, 649 F.2d 107, 112 (2d Cir.1981); *Eiden v. Secretary of HEW*, 616 F.2d 63, 64 (2d Cir.1980); *Alvarado v. Califano*, 605 F.2d 34, 35 (2d Cir.1979); *Bastien v. Califano, supra*, 572 F.2d at 912. Moreover, in making any determination as to a claimant's disability, the Secretary must explain what physical functions the claimant is capable of performing. *See Ferraris v. Heckler, supra*, 728 F.2d at 585; *Kerner v. Flemming*, 283 F.2d 916, 921 (2d Cir. 1960); *Deutsch v. Harris*, 511 F.Supp. 244, 249 (S.D.N.Y.1981).

The Secretary has the duty of making the determination of disability under the principles set out above. It is not the function of this Court, which sits in the present context as a reviewing court, to determine *de novo* whether the claimant is disabled. Assuming the Secretary has applied proper legal principles, judicial review is limited to an assessment of whether the findings of fact are supported by substantial evidence. If they are so supported, they are conclusive. 42 U.S.C. § 405(g). *See Bluvband v. Heckler, supra*, 730 F.2d at 891; *Aponte v. Secretary of HHS*, 728 F.2d 588, 591 (2d Cir.1984); *Donato v. Secretary of HHS, supra*, 721 F.2d at 418; *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.1982) (*per curiam*). Thus, absent legal error by the Secretary, her decision cannot be set aside if it is supported by substantial evidence. *Bluvband v. Heckler, supra*, 730 F.2d at 891; *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir.1983); *Aubeuf v. Schweiker, supra*, 649 F.2d at 112; *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir.1979). "Substantial evidence" means "more than a mere scintilla. It means such relevant evi-

dence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938) ). *See also De Leon v. Secretary of HHS*, 734 F.2d 930, 933 (2d Cir.1984); *Donato v. Secretary of HHS, supra*, 721 F.2d 418; *Parker v. Harris, supra*, 626 F.2d at 231–32.

## II.

Applying these principles to the instant case, the Court concludes that the decision of the Secretary denying plaintiff's application for disability insurance benefits is not supported by substantial evidence, and that the case must be remanded. In particular, the Secretary failed properly to evaluate the credibility and legal effect of the medical reports and plaintiff's testimony that extreme pain rendered plaintiff disabled within the meaning of the Act. In addition, the Secretary also failed to satisfy her statutory duty to consider the effect on plaintiff's functional capacity of all of plaintiff's impairments—both individually and in combination. Moreover, the record reveals that the ALJ failed to provide plaintiff with an adequate hearing, or to perform his duty affirmatively to develop the record.

## A.

In his decision dated January 13, 1984, the ALJ briefly summarized the medical evidence relevant to plaintiff's claims of disability due to back pain. The ALJ then concluded:

> The medical evidence establishes that the claimant has severe disc disease, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

(Tr. 10).

In so concluding, however, neither the ALJ nor the Secretary evaluated the credibility of plaintiff's claims that extreme pain rendered plaintiff unable to engage in substantial gainful activity and, thus, disabled within the meaning of the Act. However, it is well settled both in the Second Circuit and in others, that "subjective *pain* may serve as the basis for establishing disability, even if such pain is unaccompanied by positive clinical findings or other 'objective' medical evidence." *Marcus v. Califano, supra*, 615 F.2d at 27 (emphasis in original). *See also Aubeuf v. Schweicker*, 649 F.2d 107, 112 (2d Cir.1981); *Northcutt v. Califano*, 581 F.2d 164, 166–67 (8th Cir. 1978); *Cutler v. Weinberger*, 516 F.2d 1282, 1286–87 (2d Cir.1975); *Stark v. Weinberger*, 497 F.2d 1092, 1097 (7th Cir.1974); *Sayers v. Gardner*, 380 F.2d 940, 948 (6th Cir.1967); *Celebrezze v. Warren*, 339 F.2d 833, 837–38 (10th Cir.1964); *Page v. Celebrezze*, 311 F.2d 757, 762–63 (5th Cir.1963). This principle was recently reaffirmed by the Second Circuit in *Mimms v. Heckler*, 750 F.2d 180, 185–86 (2d Cir.1984).

■ It is also clear, however, that the Secretary is not obliged to accept without question the credibility of such subjective evidence. Rather, the ALJ has the discretion to evaluate the claimant's credibility and to arrive at an independent judgment, in light of the medical findings and other evidence, regarding the true extent of the pain alleged by the claimant. *See McLaughlin v. Secretary of HEW*, 612 F.2d 701, 705 (2d Cir.1980); *Marcus v. Califano, supra*, 615 F.2d at 27; *Reyes Robles v. Finch*, 409 F.2d 84, 87 (1st Cir.1969). Nonetheless, to make this evaluation properly, the ALJ must first weigh "the objective medical evidence in the record, [the claimant's] demeanor, and other indicia of credibility." *Marcus v. Califano, supra*, 615 F.2d at 27; *Rivera v. Secretary of HEW*, 513 F.Supp. 194, 199 (S.D.N.Y.1981). As the Circuit court has recently explained:

> While an ALJ "has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment [regarding that pain, he must do so] in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." *McLaughlin v. Secretary of Health, Education and Welfare*, 612 F.2d 701, 705 (2d Cir.1980),

*quoting Marcus v. Califano,* 615 F.2d 23, 27 (2d Cir.1979).

*Mimms v. Heckler, supra,* at 186 (brackets in original).

■ In the instant case, both the clinical reports of examining and treating physicians and plaintiff's own subjective testimony dwell upon plaintiff's complaints of disabling pain. *See, e.g.,* Tr. 28–32.[3] The Secretary failed not only to assess the credibility of plaintiff's claims of disabling pain, but even to consider the issue of plaintiff's pain and the evidence—both objective and subjective—that relates to that issue. Consequently, the Secretary's determination that plaintiff was not disabled because he had retained the residual functional capacity for sedentary work was premised upon an erroneous application of the law and must be reversed. *See, e.g., Marcus v. Califano, supra,* 615 F.2d at 27 (quoting *Northcutt v. Califano, supra,* 581 F.2d at 166) ("Disregard of a claimant's subjective complaints of pain ... is not justified solely because there exists no objective evidence in support of such complaints").

### B.

■ The Secretary's failure to consider the effect of the combination of plaintiff's impairments on plaintiff's ability to engage in substantial gainful activity supplies an additional reason for reversing the Secretary's decision in the instant case. As the Second Circuit recently explained "[i]t is the clear rule in this circuit that 'all complaints ... must be considered together in determining ... work capacity.' *Gold v. Secretary, supra,* 463 F.2d at 42 (quoting *Burns v. Celebrezze,* 234 F.Supp. 1019, 1020 (W.D.N.C.1964); *see also Cutler v. Weinberger,* 516 F.2d 1282, 1285 (2d Cir. 1975)." *De Leon v. Heckler, supra,* 734 F.2d at 937 (ellipses in original). *See also Crespo v. Harris,* 484 F.Supp. 1167, 1174 (S.D.N.Y.1980); *Storyk v. Secretary of HEW,* 462 F.Supp. 152, 156 (S.D.N.Y.1978).

In the instant case, the record reveals that plaintiff suffered from herpes simplex

in his eyes which has left him with blurred vision. This condition was reported by Dr. Gerald A. Mennin in a letter dated September 12, 1983, (Tr. 145), which was handed up to the ALJ at the administrative hearing and made part of the administrative record. (Tr. 16). Dr. Mennin reported that he had been treating plaintiff since May 28, 1983 for herpes simplex and that plaintiff's treatment was expected to last indefinitely. Moreover, at the administrative hearing, plaintiff testified that he continues to experience blurred vision in his right eye despite extensive medical treatment and that this impairment prevents him from engaging in activities such as work involving computers or even watching television. (Tr. 33–35, 40–41). Nevertheless, neither the ALJ nor the Secretary evaluated the factual relevance and legal effect of this evidence in the instant case. In particular, the record is devoid of any analysis on the part of the Secretary of the effect of the combination of plaintiff's claimed impairments on plaintiff's ability to engage in substantial gainful activity. For this reason, too, the Secretary's decision must be reversed and the case remanded. *See, e.g., De Leon v. Heckler, supra,* 734 F.2d at 937; *Romero v. Heckler,* 586 F.Supp. 840, 847 (S.D.N.Y.1984).

### C.

■ The Court is also troubled by an additional aspect of the Secretary's decision in this case. A review of the record reveals that the administrative hearing provided to plaintiff was simply inadequate. It is well established in the Second Circuit that a claimant for disability benefits is entitled to "a full hearing under the Secretary's regulations and in accordance with the beneficent purposes of the Act." *Lopez v. Secretary of HHS,* 728 F.2d 148, 149 (2d Cir.1984); *Hankerson v. Harris, supra,* 636 F.2d at 895; *Gold v. Secretary of HEW, supra,* 463 F.2d at 43. Although the Secretary is not obligated to furnish a benefits claimant with counsel, the ALJ has a special duty to protect the rights of a *pro*

---

**3.** At the administrative hearing, plaintiff testified that he experienced pain also in his eyes as

a result of herpes simplex (Tr. 33–35).

*se* claimant. *See Lopez v. Secretary of HHS, supra,* 728 F.2d at 196; *Echevarria v. Secretary of HHS,* 685 F.2d 751, 755 (2d Cir.1982); *Hankerson v. Harris, supra,* 636 F.2d at 895; *Gold v. Secretary of HEW, supra,* 463 F.2d at 43. Because hearings on disability claims are not adversary proceedings, the ALJ is under the general duty affirmatively to develop the record and to ensure that all the necessary and relevant information is produced. *Echevarria v. Secretary of HHS, supra,* 685 F.2d at 755; *Schauer v. Schweiker, supra,* 675 F.2d at 57. *Cutler v. Weinberger, supra,* 516 F.2d at 1286. Where, as here, the claimant is unassisted by counsel at the administrative hearing, "the ALJ is under a heightened duty 'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" *Echevarria v. Secretary of HHS, supra,* 685 F.2d at 755 (quoting *Gold v. Secretary of HEW, supra,* 463 F.2d at 43). *See also Mimms v. Heckler, supra,* at 185. *Hankerson v. Harris, supra,* 636 F.2d at 895. Failure to satisfy this duty may leave gaps in the administrative record which demonstrate that the claimant did not have a fair and adequate hearing before the Secretary. *Lopez v. Secretary of HHS, supra,* 728 F.2d at 149-50; *Hankerson v. Harris, supra,* 636 F.2d at 895; *Rodriguez v. Schweiker,* 520 F.Supp. 666, 671 (S.D.N.Y. 1981).

■ In the instant case, the ALJ's questioning of plaintiff at the administrative hearing did not satisfy the ALJ's statutory obligations and, indeed, may have exacerbated the problem. Plaintiff, who had completed school through only the ninth grade, underwent questioning by the ALJ without the benefit of the assistance of counsel or even a friend or associate. Plaintiff was the only witness at the hearing. Most of his answers to the ALJ's questions were terse and some were confused. Although the ALJ sought information concerning plaintiff's personal and medical circumstances, the questions were generally cursory and rarely were the necessary follow-up questions asked. In particular, the ALJ never questioned plaintiff about the medical reports of plaintiff's chest pains, (Tr. 135), nor about the problems plaintiff had suffered with his left hand and arm. (Tr. 140–42). Additionally, although the objective medical evidence reveals and plaintiff testified at length that he experienced substantial difficulty walking, standing or even sitting for prolonged periods, the ALJ focused only superficially upon plaintiff's capacities in this regard. Similarly, despite the letter from Dr. Mennin and plaintiff's testimony that plaintiff suffered blurred vision as a result of herpes simplex in plaintiff's eyes and was forced to consult an eye specialist, the ALJ inquired only briefly about the condition of plaintiff's eyes and the effect of his impairment on his general functional capacity. In fact, it appears that the ALJ deliberately abreviated this line of questioning. (Tr. 35).[4]

In addition, the ALJ did not adequately inquire into why plaintiff was not represented by counsel despite plaintiff's notice of his right to have an attorney present at the administrative hearing. Nor did the ALJ adequately ensure that plaintiff fully and knowingly waived his right to counsel or appreciated the role that legal representation would play at that stage of the proceedings. The Court must therefore conclude that plaintiff has not received "a full hearing under the Secretary's regulations and in accordance with the beneficent purposes of the Act," and the case must be remanded to the Secretary. *Lopez v. Secretary of HHS, supra,* 728 F.2d at 149;

---

**4.** The Secretary argues that, in an attempt to fulfill his duty to develop the record, the ALJ left the record open after the hearing in order to provide plaintiff with an opportunity to examine the evidence and to submit any additional evidence relevant to plaintiff's claim. However, in view of plaintiff's *pro se* status, his level of education and general experience, and his actual performance at the administrative hearing, it is both unrealistic and unfair to expect that such measures will in practice yield a fully developed administrative record. Moreover, this Court holds as a matter of law that the ALJ cannot satisfy his "heightened duty to scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts," *Echevarria v. Secretary of HHS, supra,* 685 F.2d at 755, merely by extending to a *pro se* claimant the opportunity to present relevant evidence.

*Echevarria v. Secretary of HHS, supra,* 685 F.2d at 755; *Hankerson v. Harris, supra,* 636 F.2d at 895; *Gold v. Secretary of HEW, supra,* 463 F.2d at 43.

## CONCLUSION

The Secretary's determination that plaintiff is not disabled because he can perform sedentary work is not supported by substantial evidence and cannot stand. The Secretary has failed properly to discharge her duties to: assess the credibility and legal significance of the reports—both objective and subjective—of disabling pain, to evaluate the effect on plaintiff's functional capacity of his claimed impairments—both individually and in the aggregate, and properly and conscientiously to develop the record. Accordingly, plaintiff's motion for summary judgment is granted insofar as it seeks a remand. The Secretary's cross-motion for judgment on the pleadings is denied. The case is remanded to the Secretary for a redetermination of plaintiff's eligibility for disability benefits consistent with this opinion. The action is dismissed subject to being reopened by either party within a reasonable time following further proceedings by the Secretary.

It is so ordered.