**Pedro FERNANDEZ–SOSA, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 87 Civ. 7956(PKL).**

United States District Court, S.D. New York.

Dec. 7, 1988.

benefits and for SSI benefits on September 16, 1985, alleging disability due to a hernia. The applications were denied initially and denied again on reconsideration. Plaintiff requested a hearing to review both applications. A hearing was held on March 24, 1986, before Administrative Law Judge ("ALJ") Irwin Bernstein. On April 9, 1986, ALJ Bernstein found plaintiff was not disabled within the meaning of the Social Security Act. On July 2, 1986, the Appeals Council ordered the case remanded for further proceedings. A supplemental hearing was held on February 18, 1987. ALJ Andrew Rodnite reevaluated the evidence and plaintiff was again found not disabled. The latter decision of the ALJ became the final decision of the Secretary when the Appeals Council affirmed the ALJ's decision and denied plaintiff's request for review.

Sher, Herman and Bellone, P.C., New York City (Peter Tipograph, of counsel), for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Sapna V. Raj, of counsel), for defendant.

## OPINION AND ORDER

LEISURE, District Judge:

This action under Sections 205(g) and 1631(c)(3), of the Social Security Act, as amended ("the Social Security Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeks a review of a final determination by the Secretary of Health and Human Services ("Secretary") denying plaintiff's application for Disability Insurance Benefits and Supplemental Security Income ("SSI"). The parties have cross-moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

Plaintiff, Pedro Fernandez–Sosa, filed applications for Title II disability insurance

### FACTUAL RECORD

Plaintiff, a thirty-three year old man, was born on April 27, 1954. He filed for disability insurance benefits and SSI benefits, alleging disability since June 21, 1985, due to a hernia.

Plaintiff testified at both hearings. He has a tenth grade education, can read and write in Spanish and understands a little English. (Tr. 37)[1]. Plaintiff's past work consisted of selling automobile parts in Puerto Rico and operating a machine at New York Envelope Company. (Tr. 37, 48–49, 119). He has been in the United States since 1972. (Tr. 46).

Plaintiff testified, at the second hearing, that he was unable to bend because of the size of the hernia and felt severe pain when the weather was "too cold or too hot." (Tr. 49). He estimated that he could walk two blocks, stand for thirty minutes to one hour and sit for thirty minutes. (Tr. 49–50). He stated he did not lift anything over ten to fifteen pounds. (Tr. 40). At the first hearing, plaintiff estimated that he could sit for "one or two hours, maybe three." (Tr. 39).

1. "Tr." refers to the administrative record of the proceedings before the Secretary, a copy of

Dr. Gerald Galst, a medical advisor[2], reviewed the medical exhibits and testified at the hearing. He stated that plaintiff's hernia did not meet or equal the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 57). He noted that ordinarily entrapment of the hernia, which is called incarceration, and comprise of the blood supply, which is called strangulation, should not occur. He stated that there is no doubt that the hernia would "produce discomfort," but found plaintiff capable of sedentary work. (Tr. 56). Dr. Galst suggested plaintiff wear an abdominal binder to prevent protrusion of the hernia, while awaiting surgery. (Tr. 58). Furthermore, Dr. Galst opined that plaintiff could sit six hours in an eight-hour day, but he would have to get up and walk around for brief intervals. (Tr. 57).

A vocational expert, George Cohen, also testified at the hearing, responding to hypothetical questions propounded by the ALJ. He testified that plaintiff would not be able to return to his past relevant work. (Tr. 59). However, the vocational expert opined that plaintiff could perform other jobs in the national economy such as a sorter, laminator assembler in the optical goods industry and button sorter. (Tr. 60).

Dr. Dennis M. Wadler, plaintiff's treating physician, reported in September 1985 that plaintiff could not work and would be disabled due to a ventral hernia until he could have surgery. (Tr. 129). Dr. Wadler stated plaintiff was "unable to do any lifting" due to his hernia as of September 1985. (Tr. 131). Plaintiff had surgery to repair the ventral hernia in March 1985 but he had developed an incisional hernia after returning to work. In December 1986, Dr. Walder advised another hernia repair.

A consultative examination was conducted by Dr. Stephen L.H. Huang on September 24, 1986. Plaintiff was found to be in good health except for the ventral hernia. Plaintiff claimed he had not received approval from Medicare for the surgery but would "gladly return to work" if he could

have the hernia repaired. (Tr. 150). Dr. Huang limited plaintiff to lifting and/or carrying three to five pounds, but standing, walking and sitting were not affected at all. (Tr. 151).

## DISCUSSION

A person seeking disability benefits is considered disabled if he is incapable of substantial activity due to a physical impairment that has lasted or can be expected to last for a period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). To qualify for disability benefits under the Social Security Act, the plaintiff must be unable to perform his previous work or any other kind of substantial work. *Dousewicz v. Harris*, 646 F.2d 771, 772 (2d Cir.1981). The burden of proving disability is on the plaintiff. 42 U.S.C. § 423(d)(5); *see, e.g., Aubeuf v. Schweiker*, 649 F.2d 107, 111 (2d Cir.1981). However, once the plaintiff has shown that his impairment prevents his return to his prior employment, the plaintiff has established a *prima facie* case, and the burden shifts to the Secretary. *Bluvband v. Heckler*, 730 F.2d 886, 891 (2d Cir.1984). The Secretary must then "produce evidence to show the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform, considering not only his physical capability, but as well his age, his education, his experience and his training." *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir.1980); *see also Mongeur v. Heckler*, 722 F.2d 1033, 1037 (2d Cir.1983); *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983).

In assessing disability claims, the Secretary must make a thorough inquiry into the claimant's condition and must be mindful that "the Social Security Act is a remedial statute, to be broadly construed and liberally applied." *Gold v. Secretary of H.E.W.*, 463 F.2d 38, 41 (2d Cir.1972). The Secretary in evaluating disability claims utilizes

which was filed with his answer to this action.

**2.** It does not appear from the record that Dr. Galst ever examined plaintiff aside from plain-

tiff's display of his hernia at the hearing. The Court will therefore consider Dr. Galst a nonexamining physician.

a five step sequence, promulgated in 20 C.F.R. §§ 404.1520, 416.920 (1981).

First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider him disabled without considering vocational factors such as age, education, and work experience; the Secretary presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Secretary then determines whether there is other work which the claimant could perform. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.1982).

In the present case, the ALJ found that the medical evidence established plaintiff has a history of ventral hernia. The ALJ further found that plaintiff does not have an impairment listed in Appendix 1.[3] The ALJ determined that plaintiff was unable to return to his previous employment. However, the ALJ noted that plaintiff is thirty-three years old, which is defined as a younger individual. 20 C.F.R. §§ 404.1563, 416.963. The ALJ concluded that plaintiff had exertional limitations[4] which prevented him from performing the full range of sed-

entary work. Using Rule 201.23, Table No. 1 of Appendix 2 and 20 C.F.R. 404.1569, as guidelines, and in concurrence with the vocational expert, the ALJ concluded that plaintiff could engage in other substantial gainful activity available in the national economy and therefore was deemed not disabled. (Tr. 16–17).

## SCOPE OF JUDICIAL REVIEW

The Act provides that the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g) (made applicable to the SSI program by 42 U.S.C. § 1383(c)(3)); *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Donato v. Secretary of Health and Human Services*, 721 F.2d 414, 418 (2d Cir. 1983). Substantial evidence in this context has been defined as " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. at 401, 91 S.Ct. at 1427 (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)); *see also Aubeuf v. Schweiker*, 649 F.2d 107, 112 (2d Cir.1981). The Secretary's determination must be affirmed if supported by substantial evidence and not the product of legal error. *See, e.g., Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.1982); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir.1979).

## SUBSTANTIAL EVIDENCE

In the present case, the ALJ before whom plaintiff appeared concluded that plaintiff could not perform his past relevant work, but retained the residual functional capacity to perform a limited range of sedentary work. Applying the above standards, this Court finds that the ALJ's

---

**3.** Plaintiff claims that his impairment is medically equivalent to the disorders of the spine listed in § 1.05(c) of 20 C.F.R. 404, Subpart P, Appendix 1. Plaintiff's Memorandum of Law ("Plaintiff's Memorandum") at 15. Dr. Galst, the medical advisor, testified that plaintiff's disorder is not equivalent to any disorder listed in Appendix 1 and plaintiff offers no evidence to contradict this testimony. Plaintiff admittedly

has a ventral hernia, which is an abdominal protrusion. This disorder clearly can not be equated with a disorder of the spine.

**4.** Plaintiff was deemed unable to sit continuously for prolonged periods of time without changing positions.

decision is supported by substantial evidence.

> Sedentary work is defined as follows: Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

The "treating physician rule" governs the consideration accorded the medical opinion of claimant's treating physician relative to other medical evidence presented at a disability hearing. *See, e.g., Murdaugh v. Secretary of Health and Human Services*, 837 F.2d 99 (2d Cir.1988). The opinions of a treating physician are therefore entitled to extra or great weight. *Id.; Bluvband v. Heckler*, 730 F.2d 886, 895 (2d Cir.1984). Indeed, "[t]he expert opinion of a treating physician on the subject of disability is binding on the Secretary unless substantial evidence is presented to the contrary." *Rivera v. Schweiker*, 717 F.2d 719, 723 (2d Cir.1983). The reason for this rule, of course, is that the treating physician's report reflects an expert judgment based on continuing observation of the patient's condition over a prolonged period of time. *See, e.g., Schisler v. Heckler*, 787 F.2d 76, 81 (2d Cir.1986).

In September 1985, plaintiff's treating physician, Dr. Walder stated plaintiff was unable to do any lifting. However, Dr. Walder gave no opinion on plaintiff's ability to sit, stand or walk. He nevertheless stated plaintiff would be disabled until he could have surgery. This opinion of the treating physician is binding on the Secretary unless controverted by substantial evidence.

The reports of consulting physicians, on the other hand, should be given limited weight in evaluating a claimant's disability. *Bluvband v. Heckler*, 730 F.2d 886, 893–894 (2d Cir.1984). This is due to the fact that consultative exams are often brief, are generally performed without benefit or review of claimant's medical history and, at best, only give a glimpse of the claimant on a single day. Often, consultative reports ignore or give only passing consideration to subjective symptoms without stated reasons. *See, e.g., Ledoux v. Schweiker*, 732 F.2d 1385, 1388 (8th Cir.1984).

In the present case, plaintiff was examined by the Secretary's consultant on one occasion. Dr. Huang diagnosed a ventral hernia. Plaintiff was limited to lifting and/or carrying three to five pounds. Standing, walking and sitting were found to be unaffected.

"A corollary to the treating physician rule is that the opinion of a non-examining doctor by itself cannot constitute the contrary substantial evidence required to override the treating physician's diagnosis." *Hidalgo v. Bowen*, 822 F.2d 294 (2d Cir. 1987); *see also Schisler v. Bowen ("Schisler II")*, 851 F.2d 43 (2d Cir.1988) (deleting as based on dicta the non-examining physician rule), on petition for rehearing decided September 19, 1988 (ordering the restoration of the following language: "opinions of non-examining medical personnel cannot, in themselves and in most situations, constitute substantial evidence to override the opinion of the treating source.").[5] Dr. Galst stated, "I think lifting and straining

---

5. In *Schisler II*, the Court reviewed the District Court's revision of a draft Social Security Ruling embodying the "treating physician rule." The Court noted that a previous decision, *Havas v. Bowen*, 804 F.2d 783 (2d Cir.1986), did contain language to justify the statement concerning the weight to be given nonexamining physicians' opinions. Nevertheless, the sentence in question was deleted because the qualification "in most situations" was not derived from that opinion and was felt to be ambiguous. Additionally, the statement in *Havas* was dictum and the Court felt the Social Security Rule in issue should "contain nothing not clearly authorized by our case law." However, on rehearing the language was restored, the Second Circuit noting it had failed to consider *Hidalgo v. Bowen*, 822 F.2d 294 (2d Cir.1987), which held that the opinion of a non-examining doctor, by itself, cannot constitute substantial evidence to override the treating physician's diagnosis.

will, in fact, cause the hernia to protrude as the claimant has in fact testified." (Tr. 56) The medical advisor opined that plaintiff could sit for six hours in an eight-hour day if he could periodically get up and move around. (Tr. 57).

The ALJ correctly and explicitly applied the treating physician rule. The ALJ's determination that plaintiff could lift up to five pounds is supported by substantial evidence. Plaintiff's treating physician opined in September 1985 that plaintiff could do no lifting. However, at the hearing held on March 24, 1986, plaintiff himself implied that he did some lifting but limited the amount to ten to fifteen pounds. (Tr. 51). This testimony, combined with the assessments of both Dr. Huang and Dr. Galst constitute substantial evidence to support the ALJ's determination that plaintiff could lift up to five pounds.

The ALJ's finding that plaintiff could sit for six hours in an eight-hour work day if he could periodically get up and move around is likewise supported by substantial evidence. In this instance the treating physician rule does not come into play as Dr. Wadler did not make any findings regarding plaintiff's ability to sit, stand or walk. Dr. Huang specifically found that plaintiff's ability to sit, stand or walk were not affected by the hernia. Dr. Galst likewise found that plaintiff could sit for six hours if he could occasionally get up and move around. Finally, plaintiff himself testified about his capabilities. At the first hearing he testified that it is uncomfortable to bend and that he can kneel but experiences discomfort. He estimated that he can sit "one or two hours, maybe three." (Tr. 39). At the second hearing, he testified that he could only sit for thirty minutes. (Tr. 50). An ALJ may take into account his observations of the claimant at the hearing. *See Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir.1979); *Artrip v. Bowen*, 651 F.Supp. 376, 381 (S.D.N.Y.1987). It is the responsibility of the Secretary and not of the reviewing Court to assess a claim-

ant's credibility. *See, e.g., Richardson v. Perales*, 402 U.S. at 399, 91 S.Ct. at 1426; *Carroll v. Secretary of Health and Human Services*, 705 F.2d 638, 642 (2d Cir. 1983); *Deyo v. Weinberger*, 406 F.Supp. 968, 974 (S.D.N.Y.1975). In this instance, the ALJ obviously found the plaintiff's testimony not credible. As the ALJ heard plaintiff's testimony and observed his demeanor his determination should be given great weight. *See, e.g., Mejias v. Social Security Administration*, 445 F.Supp. 741, 744 (S.D.N.Y.1978). "Where, as here, there is evidence to support the [ALJ's] determination, it would be improper for a reviewing court to parse the cold record in search of a different result." *Deyo v. Weinberger, supra* at 974.

The standard for evaluating pain requires evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. 42 U.S.C. § 423(d)(5)(A); *see, e.g., Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir.1986); *Cameron v. Bowen*, 683 F.Supp. 73 (S.D.N.Y.1987). There is no dispute that plaintiff was experiencing pain. Plaintiff contends however that the ALJ's determination that plaintiff's "allegation of functional limitations are credible but not to the extent alleged," (Tr. 16), is not supported by substantial evidence. In making his decision, the ALJ has the discretion to evaluate the subjective evidence and arrive at an independent conclusion in light of the medical findings and other evidence regarding the true extent of the pain alleged by the plaintiff. *See, e.g., Losco v. Heckler*, 604 F.Supp. 1014, 1018–19 (S.D.N.Y.1985). As discussed above, the record contains ample evidence to support the Secretary's determination that plaintiff's medical problem is not of sufficient severity as to be considered disabling under the Social Security Act.[6]

---

6. Plaintiff's contention that the hypothetical question propounded by the ALJ to the vocational expert was "vague" and therefore improp-

er is groundless. *See* Plaintiff's Memorandum at 19. Plaintiff claims, without citation to the record, that in his hypothetical question the ALJ

The Court notes that, even with the exertional limitations found by the ALJ, plaintiff is capable of sedentary work. Nowhere does the law require that in order to be capable of sedentary work a claimant must be capable of sitting *continuously* for six hours. Rather, the definition of sedentary work states that "[a]lthough a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a). It is clear from this language that sedentary work involves both sitting, standing and walking, and plaintiff has offered no authority for the contrary proposition.

## CONCLUSION

In conclusion, the decision of the ALJ is supported by substantial evidence. Accordingly, the judgment denying plaintiff benefits under the Act is affirmed.

SO ORDERED.

assumed that the claimant could sit for six to eight hours but not continuously. Plaintiff claims it is unclear whether this refers to six to eight hours in a twenty-four hour period or, rather, six to eight hours in a typical eight hour work period. However, plaintiff is incorrect in that this phrase was never included in the hypothetical question. Rather the ALJ asked "[s]uppose this individual had additional pain from sitting or standing excessive periods of time ... [s]ay sitting more than two hours alternating with standing, pain controlled with just over the counter medications." (Tr. 59). Furthermore, even the phrase as plaintiff contends does not make the hypothetical vague. The question was addressed to a vocational expert in order to determine if there are any jobs that plaintiff could perform available in the national economy. Clearly, the six hours referred to six hours out of a typical eight hour work day. And even if the vocational expert misconstrued this alleged question there is no prejudice to plaintiff but rather would strengthen his claim for disability.