99 F.3d 400
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Carol CALAPA, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 94-6265.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1995.
 
 For plaintiff-appellant: Charles Robert, Robert, Lerner & Robert, Rockville Centre, NY.
 For defendant-appellee: Rosanne M. Harvey, Ass't U.S. Att'y, E.D.N.Y., Brooklyn, NY.
 E.D.N.Y.
 VACATED.
 
 
 1
 Present: McLAUGHLIN, LEVAL, Circuit Judges, PARKER, District Judge.*
 
 
 2
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 3
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is VACATED and the matter REMANDED WITH INSTRUCTIONS TO DISMISS.
 
 
 4
 Carol Calapa, in forma pauperis but represented by counsel, appeals from a judgment entered in the United States District Court for the Eastern District of New York (Thomas C. Platt, Judge ). Calapa sought judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of a decision by the Secretary, dated April 16, 1992, denying Calapa's request to reopen Supplemental Security Income ("SSI") benefits determinations made by the Secretary in 1982, 1985, and 1989 in order to pave the way for a retroactive increase in benefits Calapa claims she deserved from September, 1982 through February, 1990.
 
 
 5
 The parties cross-moved for judgment on the pleadings; the Secretary also moved to dismiss Calapa's complaint for lack of jurisdiction. Inexplicably, Judge Platt did not reach the jurisdictional issue, but went right to the merits. He found that there was substantial evidence that the Secretary had correctly calculated the SSI benefits Calapa received from September, 1982 through February, 1990. He further found that Calapa was not entitled to the retroactive increase in benefits she sought. He therefore granted the Secretary's motion for judgment on the pleadings, denied Calapa's, and dismissed Calapa's complaint.
 
 
 6
 On appeal, Calapa renews her arguments below that: (1) the Secretary incorrectly applied her own regulations in calculating Calapa's SSI benefits awards from September, 1982 through February, 1990; (2) the Secretary should have applied the legal standards we first articulated in Ruppert v. Bowen, 871 F.2d 1172 (2d Cir.1989); (3) the Secretary improperly relied on "secret" standards and "clandestine" policies in calculating those benefits; and (4) in any event, there is no substantial evidence to support the Secretary's refusal to reopen the 1982, 1985, and 1989 benefits decisions. The government counters that the district court had no jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3) to hear any of these claims. We agree.
 
 
 7
 At bottom, Calapa is asking a federal court to review the Secretary's refusal to reopen prior benefits determinations. As we explained in Latona v. Schweiker, 707 F.2d 79 (2d Cir.1983) (per curiam), this the plaintiff may not do. Federal jurisdiction is limited to "final decision[s] of the Secretary made after a hearing." 42 U.S.C. § 405(g); see 42 U.S.C. § 1383(c)(3) (judicial review under § 1383(c)(1) is coextensive with judicial review under § 405(g)).
 
 
 8
 The Supreme Court has instructed us that a federal court may review only "the original decision denying benefits." See Califano v. Sanders, 430 U.S. 99, 108 (1977). Although the Secretary's refusal to reopen a benefits determination is, indeed, a "decision" under § 405(h ), it is not a reviewable decision under § 405(g). See id. at 107-09. If Calapa had challenged the Secretary's decision on constitutional grounds, the district court might have had jurisdiction over her complaint. See id. at 109; Latona, 707 F.2d at 81. But, this is not our case. Contrast Jones v. Califano, 576 F.2d 12, 17-21 (2d Cir.1978) (judicial review available where claimants raise "colorable" equal protection claims).
 
 
 9
 Calapa's reply brief offers four responses to this glaring jurisdictional defect. First, she argues that the Secretary's decision is subject to judicial review because it followed a hearing. This argument was squarely "rejected by Sanders, which excluded from the scope of [§ 405(g) ] all decisions that were not required to be preceded by a hearing, whether or not they were in fact preceded by a hearing." Latona, 707 F.2d at 81 (citing Sanders, 30 U.S. at 108).
 
 
 10
 Second, citing Dietsch v. Schweiker, 700 F.2d 865 (2d Cir.1983), Calapa invites us to exercise mandamus jurisdiction under 28 U.S.C. § 1361 over her claim. Dietsch, however, is wholly inapposite; that case involved an otherwise unreviewable "procedural dispute" that was "unrelated to the merits of [the] claim for benefits." Dietsch, 700 F.2d at 868.
 
 
 11
 Third, Calapa contends that her request to reopen the 1982, 1985, and 1989 benefits decisions was really an "untimely" administrative appeal of those decisions, see 20 C.F.R. § 416.1409, and that by reviewing the merits of those decisions, the Secretary has waived "the timeliness of the appeal." We reject this transparent attempt at an end-run around the sixtyday limitations period for appealing benefits determinations. See 42 U.S.C. § 405(g); Sanders, 430 U.S. at 108 ("Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims.").
 
 
 12
 Finally, invoking the equitable tolling principles we reaffirmed in Dixon v. Shalala, 54 F.3d 1019 (2d Cir.1995), Calapa contends that she cannot be faulted for not knowing about the Secretary's purportedly "secret" and "clandestine" policies regarding in-kind loans of rent. She further argues that she is entitled to at least a factual hearing on whether any such policies existed. We are not unsympathetic to her dilemma: only after our 1989 decision in Ruppert could she have realized that she might have been entitled to additional benefits. But, if "the Secretary cannot, by consent or otherwise, create subject matter jurisdiction to review a decision" that falls outside of § 405(g), Latona, 707 F.2d at 81, neither can we.
 
 
 13
 Accordingly, the judgment of the district court is VACATED, and the matter REMANDED WITH INSTRUCTIONS TO DISMISS.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation