Jack E. COUP, Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 85–939.

United States District Court, W.D. Pennsylvania.

Jan. 27, 1989.

E. David Harr, Greensburg, Pa., for plaintiff.

Lawrence J. Harder, Asst. Regional Counsel, Dept. of Health and Human Services, Philadelphia, Pa., Amy Reynolds Hay, Asst. U.S. Atty., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This Social Security disability case comes back to us on remand from the Court of Appeals for recomputation of an appropriate attorneys fee award. *Coup v. Heckler*, 834 F.2d 313 (3d Cir.1987). For the reasons stated we conclude that plaintiff is entitled to an EAJA award of $7,349.39 and an award of costs of $60. Also the claim of plaintiff's counsel for fees under Section

206 of the Social Security Act is mooted by the higher award under EAJA.

## PROCEDURAL HISTORY

Plaintiff filed several applications with the Social Security Administration for disability benefits. At some point he retained the services of his present counsel. Plaintiff's application was denied at all administrative levels, but on appeal to this court we concluded that the Secretary's decision was not supported by substantial evidence. We reversed the decision of the Secretary and awarded benefits to plaintiff. *Coup v. Heckler,* slip opinion (March 4, 1986).

Plaintiff then filed a petition for an award of attorneys fees under both the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and the Social Security Act, 42 U.S.C. § 406. Plaintiff later amended his petition to include additional hours.

Plaintiff's counsel listed a total of 19.6 hours expended in litigating the case before the District Court. We did not consider this amount of time to be unreasonable.

Plaintiff's counsel sought payment under the EAJA for the 19.6 hours at the statutory rate, which counsel indicated at the time was approximately $90/hr., for a total of $1,764, Under § 206 of the Social Security Act, plaintiff's counsel sought an award of $6,433, representing 25% of plaintiff's past due benefits. This percentage is the maximum permitted under the Act, and the amount agreed upon in plaintiff's contingent fee agreement with his counsel.[1]

In two separate Memorandum Opinions dated March 11, 1987 we denied plaintiff's EAJA request, but awarded fees under the Social Security Act. Rather than award counsel 25% of past due benefits as requested, we awarded fees on an hourly basis. We accepted counsel's 19.6 hours as reasonable but imposed an hourly rate of $75 (the EAJA base rate) for a total award of $1,470. It is important to note in this respect that counsel will also receive payment for his services at the administrative level, but that award is to be computed by

the Secretary. See, *Guido v. Schweiker,* 775 F.2d 107 (3d Cir.1985).

On appeal the Circuit reversed our decision on the EAJA application, and found plaintiff entitled to attorneys fees from the government under the EAJA. The matter was remanded to us for computation of the amount of the award.

The Circuit also vacated our award of fees under § 206 of the Social Security Act. The Court disapproved of our use of the $75 per hour rate and remanded for recomputation in accord with its Opinion and Order.

On remand plaintiff filed a supplemental fee petition, seeking an additional award for time expended in prosecuting the appeal. The government has again filed objections to certain aspects of the petition.

## ANALYSIS

### 1) EAJA Award

On appeal the Circuit reversed our decision on the EAJA application. In essence equating the "substantial evidence" standard of review of the Secretary's final decision on disability with the "substantial justification" standard for an EAJA award, the Court held that absent extraordinary circumstances, reversal of the Secretary for lack of substantial evidence required an award of attorneys fees under the EAJA. *Coup,* 834 F.2d at 319; *Stokes v. Bowen,* 811 F.2d 814, 816 (3d Cir.1987). Because virtually all Social Security appeals are determined on a substantial evidence standard, almost every reversal of the Secretary will result in an EAJA award. In fact an attorney's failure to file an EAJA request may now be obvious malpractice because otherwise the client would be given credit against his fee liability for any amount the government is required to pay under the EAJA.

The matter was remanded to us for determination of the amount of the EAJA award. The hourly rate is determined by

---

1. On remand, based on the Circuit's decision expanding the period for which past due benefits were payable, counsel now requests $11,- 498.20, representing 25% of the total past due benefits.

statute ($75 plus cost of living increase from 1981 based on the Consumer Price Index). We are left then to determine the number of hours expended in obtaining plaintiff's benefits, and the advisability of any enhancements.

Prior to the appeal plaintiff submitted an itemized list of time expended before the District Court totalling 19.6 hours. Of that time, a stunning 6.7 hours were attributable to the fee petition, more than half the time actually spent in obtaining benefits for plaintiff. On remand from the Circuit plaintiff submitted a supplemental petition listing 70 hours spent on appeal. Of course 2 of the 3 issues on appeal concerned the award of attorneys fees and plaintiff's counsel's time records do not distinguish between time spent on the substantive issue and time spent on fees.

The question is whether under EAJA we should award fees for time spent pursuing the award of fees. On appeal the Circuit made clear that fees for such time could not be awarded under § 206 of the Social Security Act, but it provided no guidance for an EAJA context. *Coup,* 834 F.2d at 325.

In *Lee v. Johnson,* 799 F.2d 31 (3d Cir. 1986) this Circuit held that time spent by counsel preparing the fee petition should be awarded under the EAJA, but not time spent litigating fee issues unless the government's opposition to the fee petition was not substantially justified. In this case the government does not defend on this basis, and indeed we think it would be difficult to argue that the government's position on the EAJA award was substantially justified when the Circuit concluded that the position on the underlying substantive issue was *not* substantially justified. We think a closer question of substantial justification is presented by the government's position on the § 206 award, but as we noted the government has chosen not to defend on this basis.

■ The government does object to certain items in plaintiff's list of attorney time spent on appeal. Plaintiff's counsel seeks payment for .7 hr. spent taking the appellate brief to the printer and .5 hr. for picking it up. While we appreciate counsel walking faster on his second trip to the printer, this task was merely clerical in nature. It did not require the skills of an attorney to complete and for counsel to charge such time to the government as attorney time is overreaching and reprehensible. The same is to be said for the .3 hr. claimed for making plane reservations. These line items totalling 1.5 hrs. will be disallowed in their entirety.

■ Plaintiff's counsel also seeks to recover travel time for appearances before the Court and the Circuit. Counsel claims 11.9 hrs. for his appearance before the Circuit when oral argument in fact consumed less than 2 hrs. Counsel claims 3 hrs. for attendance at a supplemental status conference before this court on remand, a conference which lasted 20 minutes, according to the hearing memo in the record. It is unreasonable to seek recovery for time spent walking through airports or parking the car, and we will therefore reduce the hours in these two line items to exclude travel time. We will award 2 hours for the appellate argument and 1 additional hour for preparation, and a total of .5 hr. for the appearance before this court on remand. The remaining hours sought in these two line items will be disallowed.

■ Finally the government objects to counsel's claim for hours spent consulting or communicating with certain non-parties including the National Organization of Social Security Claimants' Representatives (NOSSCR). There is nothing to indicate that these charges were unreasonable or unnecessary to representation of the plaintiff. These charges will be allowed.

We conclude therefore that plaintiff's counsel expended 19.6 hrs. before this court prior to the appeal, and 57.1 hrs. of allowable time in prosecuting the appeal for a total of 76.7 hrs. allowable under the EAJA.

■ In accord with the instructions of the Circuit we must now consider enhancement factors. Under the EAJA the statutory hourly fee may be exceeded only when "special factors" warrant a higher award.

In this regard our inquiry is controlled by the recent decision in *Pierce v. Underwood,* —— U.S. ——, ——, 108 S.Ct. 2541, 2553, 101 L.Ed.2d 490 (1988).

The EAJA specifically identifies one special factor as "the limited availability of qualified attorneys for the proceedings involved." This is certainly not a problem in this jurisdiction where it sometimes seems that half the TV advertising during the 11:00 P.M. news and the late movie is by law firms seeking personal injury and Social Security plaintiffs. The yellow pages are also replete with lawyers listing social security as a specialty. It is our experience that a large number of lawyers located throughout the jurisdiction handle Social Security disability cases at both the administrative and District Court levels, and most do a creditable job for their clients. The Allegheny County Lawyer Referral Service has a specific category for Social Security cases with over 150 lawyers willing and able to handle disability and SSI claims. The Service has had no difficulty in getting lawyers to list their names in this category or to represent claimants. Erie and Westmoreland are among the other counties in this District which have similar services. For smaller counties the Pennsylvania Bar Association provides a referral service. We are also aware that Northwestern Legal Services in the Erie Division and Neighborhood Legal Services in the Pittsburgh Area represent Social Security claimants who cannot obtain private counsel.[2] Therefore no enhancement is warranted for limited availability because competent counsel for this type of litigation are abundant.

■ Plaintiff also seeks enhancement for the delay in receiving his fee. In light of *Pierce,* we doubt this is a "special factor" which would justify an enhancement. Also because we make an EAJA award based on the current statutory rate adjusted for cost of living increases, counsel receives an award already adjusted upward to compensate for the passage of time. Counsel is paid at today's higher rate for time expended two and three years ago. No further enhancement for delay is warranted.

The Court in *Pierce* rejected the use in as EAJA context of such criteria as the contingent nature of the fee, the novelty and difficulty of the issues, the undesirability of the case or the results obtained. No other special factors have been advanced for our consideration and so no increase is warranted in the statutory hourly rate. Therefore, in accord with the EAJA, plaintiff is entitled to an award of counsel fees for 76.7 hrs. at the current statutory rate of $95.82/hr. for a total of $7,349.39.[3]

2) § 206 of Social Security Act

Under § 206 of the Social Security Act, 42 U.S.C. § 406, plaintiff's counsel may be awarded fees up to 25% of the back due benefits obtained for his client. Unlike the EAJA award which is paid by the government, a § 206 award is paid to counsel from the claimant's past due benefits.

Plaintiff's counsel has repeatedly asked us to award the full 25%, but as is our usual practice we awarded fees on an hourly basis. This Circuit did not disapprove of this practice. However, the Circuit did reject our use of the EAJA base rate of $75/hr. and remanded for further consideration.

Our first task is to determine a reasonable hourly rate for counsel's services. Because counsel did not contract with his client for an hourly rate we must determine a reasonable rate. In our experience an hourly rate of $80—$100 is common in this jurisdiction for relatively simple cases like Social Security Appeals. Indeed that rate is often reduced considerably by the extensive use of young associate attorneys and paralegals who bill at lower rates.

In setting a value on counsel's time it is important to note that Social Security appeals are among the simplest type of litigation brought in the Federal Courts. Ordi-

---

2. This is apparently most often true in SSI cases where the amount at issue may not be sufficient to interest private counsel.

3. The hourly rate is based on the Consumer Price Index for October 1988, the most recent figure available.

narily each case turns on a review of medical evidence collected at the administrative level. The Complaint is a 1–page fill-in-the-blank form. There is no discovery. There are no hearings, arguments or other court appearances. Motions are limited to a request for summary judgment and that motion is typically a one paragraph boilerplate. Briefs are merely a rehash of the arguments made at least twice before at the administrative level, to the ALJ and to the Appeals Council. Rarely do these cases present any novel issue of law and indeed the recitation of the law in briefs is often boilerplate, entered once in a word processor and churned out thereafter in perpetuity at a tap of the keyboard.

■ Indicative of the relative ease with which Social Security appeals are handled is the short amount of time spent at the District Court level by counsel in this case. Of the 19.6 hrs. claimed, 6.7 hrs. were spent on preparing the fee petition. Of the remaining time, 4.7 hrs. were expended on plaintiff's brief, a half hour on reviewing the government's brief, and the balance on client phone calls and routine tasks. The level of skill required for these tasks is minimal and in many firms much of the work is performed by paralegals. Indeed at the administrative level claimant representatives need not be lawyers. Therefore based on our extensive experience in such cases and because of the relatively simple nature of the work, in general and in this case specifically, we conclude that $90 per hour is a reasonable hourly fee for attorney time in the ordinary Social Security disability case.

In its opinion the Court of Appeals disapproved of our practice of applying a consistent hourly rate in Social Security fee awards. We reluctantly admit that we are somewhat puzzled. In assessing fee petitions in these cases we must have some starting point, a basic reasonably hourly rate for ordinary service in such cases. Indeed setting a reasonable hourly rate is the starting point in *Lindy*, particularly where there is no agreement with the client on an hourly rate. *Lindy Bros. Builders, Inc. of Phila. v. American Radiator &*

*Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir.1973). Certainly we should not blindly adopt counsel's claimed hourly rate, particularly when it has not been included in the fee agreement with the client. We are then to consider such factors as the complexity of the case, the novelty of issues presented, the quality of counsel's work, and the risk of non-payment and delay in payment in contingent fee cases, to determine if counsel's fee should be enhanced or diminished. The Circuit should not misunderstand our purpose and intention in employing a consistent hourly rate. We are always open to consider adjustments to fee awards, where for example complexity or novelty of a particular case warrants it, but frankly we have yet to see a Social Security disability case with such attributes. The nature of the genre is that virtually all cases follow the same analytical framework, with changes in names, dates and impairments. This is not to belittle the importance of such cases because each is likely critical to the financial well-being of the claimant, but we shall not ignore the practical reality: Social Security litigation is not particularly difficult, taxing or onerous for counsel and it can be very profitable when considered in relation to the low degree of risk and effort required of counsel. A consistent hourly rate for similar cases with a similar skill level promotes evenhanded treatment, avoids the appearance of favored status among lawyers, protects the meagre benefits of the needy claimant, promotes public confidence in the fairness of the courts and the profession and focuses counsel on the need to justify higher fees with facts rather than the bald assertion of an arbitrary hourly rate. Consistency is achieved while permitting adjustments in the unusual case that merits it.

Having determined a reasonable hourly rate, we must then determine the number of compensable hours. The previous discussions concerning the government's objections to clerical and travel time are equally applicable here. In addition the Circuit noted in its Opinion:

Lastly, there is no basis, statutory or contractual, for charging Coup for the

time spent by his attorney litigating the attorney's claim to fees under section 206(b).

*Coup,* 834 F.2d at 325. Unfortunately, plaintiff's counsel does not distinguish between the three issues on appeal in his itemized list of time expended, and he has not submitted time records which could provide such information.

▮ Therefore, in the absence of direct evidence on this point we propose to reduce the number of allowable hours spent on appeal by ⅓, representing the proportionate share of time roughly attributable to the § 206 fee issue. Thus counsel is entitled to compensation under § 206 for 19.6 hrs. spent before the District Court, and 38.1 hrs. spent on appeal, for a total of 57.7 hrs.

In accord with the Circuit's direction we now consider possible enhancements, or "multipliers" which would warrant a higher award than a straight hourly rate.

At the outset we should note that prior to the appeal plaintiff's counsel made no request for enhancement of any sort. Neither plaintiff's fee petitions nor the supporting brief contain any reference to any circumstances which would justify enhancement. The first time this court became privy to counsel's arguments for contingency multipliers and the like was upon reading the Circuit's Opinion. And on remand plaintiff's supplemental petitions are likewise silent on the issue and no supporting brief or evidentiary material has been provided. Nonetheless we take up the issue of enhancement as instructed by the Circuit.

First of all, the Circuit in its Opinion distinguishes the recent Supreme Court decision in *Pennsylvania v. Delaware Valley Citizen's Counsel for Clean Air,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987) which severely restricted the use of enhancements in fee-shifting cases. While we agree that much of the Court's concerns which underlay *Delaware Valley* do not apply here because in this case payment will come from the client and not an opponent, we do believe that the Social

Security context presents special concerns of its own.

The successful Social Security disability claimant, by definition unable to work for a gainful wage for at least a year, is ordinarily of limited means or is outright indigent. In the absence of an EAJA award, or to the extent such an award does not sufficiently compensate counsel, attorneys fees must be paid from the claimant's back due benefits. Although the Social Security Act permits claimant and counsel to contract for a fee up to 25% of back benefits, the Act also requires the Court to review and approve any award of fees for services rendered before the Court, presumably to protect the claimant's meagre benefits from unjustified counsel fees. The counter argument is that the claimant voluntarily entered the fee agreement to induce counsel to take the case, but as a practical matter we have never seen a Social Security fee agreement for less than 25%, the maximum permitted by law. It is this tyranny of the marketplace, exerted upon those who have little choice, which § 206 of the Act is intended to prevent.

▮ In this context, enhancements should be awarded only when strongly justified under the circumstances because each dollar awarded in addition to the reasonable hourly fee comes from the pocket of an injured claimant in a precarious financial position. While we do not wish to discourage lawyers by making niggardly fee awards, as described above there is no lack of capable counsel willing to take such cases, most of whom we are sure seek only a reasonable fee, not a windfall.

▮ Plaintiff's counsel seeks an enhancement for delay in payment. While it seems somewhat anomalous to compensate counsel for delay when his client receives no commensurate increase in his back benefits, we think an enhancement is appropriate in this case where counsel services were rendered over a period of years without any interim payments. We recognize that a delay of such magnitude greatly diminishes the value of a straight hourly fee award, and distinguishes this case from the typical Social Security cases before this

court which are ordinarily resolved within 6 months to 1 year of filing. Because counsel's time was spread over a considerable period of time we will not attempt to compute an exact award of interest, but under the circumstances we believe an enhancement of 10% of the total is fair and reasonable to counsel but not burdensome to the plaintiff.

We know from the Circuit's Opinion that plaintiff's counsel seeks a contingency enhancement but he has made no request for it on remand and he has not made any allegations to support it. The critical issue on a contingency enhancement is the prospects for success or risk of failure at the time counsel committed his time to the case. Here counsel has provided no information about the claim's prospects and has not indicated any intention or desire to provide evidence on the point. No hearing has been requested. The petitioner bears the burden of justifying any enhancement and in this case that burden has not been carried.

■ In any event, from our knowledge of the facts of this case, we see little risk of failure for plaintiff. Both this court in awarding benefits and the Circuit in finding the government's position to be unreasonable gave short shrift to the Secretary's reasons for denying benefits. From the outset plaintiff had the clear and unqualified support of several different treating physicians who stated that plaintiff was totally disabled or severely restricted. See our slip opinion dated March 4, 1986, at p. 6. Also plaintiff had received a determination of disability from the Pennsylvania Public School Employees Retirement System prior to the hearing before the ALJ. With plaintiff's multiple impairments, the support of 4 treating physicians and an independent determination of disability, this case appears to have carried little risk other than an arbitrary decision by the Secretary quickly reversed on appeal. Under these circumstances we conclude that no enhancement for contingency is warranted.

■ Therefore, under § 206 of the Social Security Act plaintiff's counsel is entitled to compensation at an hourly rate of $90 for 57.7 hrs., enhanced by 10% as compensation for delay, for a total attorney's fee award of $5,712.30. Because this award does not exceed the amount awarded under the EAJA, the § 206 award is moot.

### 3) Costs

Plaintiff's counsel has requested an award of costs for several items including the filing fee in the District Court, service costs, the cost of hospital records and medical report, filing fee for the appeal to the Third Circuit, printing expenses for the appellate brief and the cost of transportation to the appellate argument.

First of all it is unclear to us whether counsel seeks an award from the government or approval of his recovery of these items from his client. The Social Security Act has no provision concerning an award for costs against either the government or the client. Of course 28 U.S.C. § 2414 permits an award of costs against the government, but reimbursement of costs by the client is solely between client and counsel.

■ Under 28 U.S.C. § 2414, the only proper item claimed is the District Court filing fee of $60. Several items were awarded as costs by the Court of Appeals and their inclusion here is duplicative and confusing. The remaining items are ordinary litigation expenses which we decline to impose on the government. Therefore, plaintiff is awarded costs under 28 U.S.C. § 2414 in the amount of $60.

### CONCLUSION

Plaintiff is entitled to an award of attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $7,349.39. Although plaintiff's counsel is also entitled to an award of fees under § 206 of the Social Security Act, 42 U.S.C. § 406, because the amount does not exceed the EAJA award, the § 206 award is moot. Plaintiff is also awarded costs pursuant to 28 U.S.C. § 2414 in the amount of $60. Under *Guido v. Schweiker*, 775 F.2d 107 (3d Cir.1985) plaintiff's counsel must apply

to the Secretary for compensation for time expended at the administrative level.