**Willis WILLOW, SSN: 129–16–2919, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. CIV–88–1253T.**

United States District Court, W.D. New York.

March 28, 1990.

---

Andrew M. Rothstein, Elmira, N.Y., for plaintiff.

U.S. Attorney's Office (Charles M. Pilato, Asst. U.S. Atty., of counsel), Rochester, N.Y., for defendant.

## DECISION AND ORDER

TELESCA, Chief Judge.

### INTRODUCTION

Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) to review the Secretary's decision to grant disability benefits

effective January 1985 rather than May 1977 as requested by plaintiff.

The Secretary moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The plaintiff has cross-moved for summary judgment, pursuant to Fed.R.Civ.P. 56. For the reasons discussed below, the Secretary's motion to dismiss the complaint is granted.

## BACKGROUND

Since 1976, plaintiff has pursued three separate disability claims. Plaintiff did not seek judicial review of either of the earlier claims, which he filed in 1976 and 1979 respectively.

The claimant filed a third application for Social Security insurance benefits on January 14, 1985, including a request to reopen the Secretary's denial of his second application. Plaintiff's third application was denied both initially and upon reconsideration on its merits and, following a hearing before an administrative law judge (or "ALJ"), the claimant's case was dismissed November 13, 1985. Although this application was subsequently reevaluated under revised administrative rules, benefits were still denied, both initially and upon reconsideration. The administrative law judge ordered the claim dismissed May 14, 1987, citing administrative *res judicata.* The claimant nevertheless requested the Appeals Council to review the order of dismissal and on September 8, 1987, the Council overturned the ALJ's ruling. Citing medical evidence from 1976 and 1978, the Council ruled that *res judicata* did not apply and ordered a hearing. The Council refused, however, to reopen the decisions on the 1977 and 1979 claims.

The claimant's case was remanded to an administrative law judge who found, with regard to the 1985 claim, that the plaintiff had been disabled since December 22, 1976. This determination resulted in plaintiff's receiving disability payments, effective 12 months prior to the filing of his application in 1985. The administrative law judge, however, denied plaintiff's request to reopen denial of his second application. The Appeals Council affirmed the ALJ's decision October 3, 1988.

Plaintiff argues that the Secretary's decision effectively reopened the earlier denials of benefits, thus entitling him to retroactive benefits covering the period of May 1977 until January 1984.

## DISCUSSION

■ The Court must decide whether the Secretary's 1980 decision to deny benefits to plaintiff may be reopened. The Secretary's regulations governing the reopening of final decisions provide no basis for reopening the 1980 decision. *See* 20 CFR § 404.987 *et seq.* (1988). Section 404.987 provides that a decision may be reopened:

. . . . .

(b) within four years of the date of the notice determination if we find good cause, as defined in § 404.989,[1] to reopen the case; or

(c) At any time if—

. . . . .

(8) It is wholly or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made. 20 C.F.R. § 404.988 (1988)

In this case, plaintiff did not request a reopening until January 1985, more than four years after the notice of the initial determination; thus, no reopening is avail-

---

1. 20 C.F.R. § 404.989 states the grounds for good cause:

 (a) We will find that there is good cause to reopen a determination or decision if—
 (1) New and material evidence is furnished;
 (2) A Clerical error in the computation or recomputation of benefits was made; or

 (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
 (b) We will not find food cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

able under 20 C.F.R. § 404.989. Nor does cause exist to reopen under § 404.988(c)(8). While the 1980 decision is based upon evidence indicating that the plaintiff was not physically or mentally impaired, plaintiff argues that subsequent technological developments permitted him to prove his disability. The failure of a decision to reflect not-yet-available technology does not, however, constitute facial error which justifies reopening. *See Torres v. Secretary of Health and Human Services*, 845 F.2d 1136, 1139 (1st Cir.1988); *see also Robinson v. Heckler*, 783 F.2d 1144, 1146, fn. 3 (4th Cir.), *cert. denied*, 476 U.S. 1172, 106 S.Ct. 2896, 90 L.Ed.2d 982 (1986) ("Error on the face of evidence does not encompass a disputed issue of fact since, almost as a matter of definition, when facts are in dispute no single answer is evident.") The 1988 decision not to reopen the 1980 decision is based upon 20 C.F.R. § 404.988 rather than upon grounds of *res judicata;* the Secretary simply determined that the regulations did not entitle the plaintiff to a reopening at that late date.

 Plaintiff argues that the 1988 decision relies in part upon evidence that had been utilized in the 1977 and 1980 decisions, and thus worked a *de facto* reopening. In support of this argument, plaintiff cites *McGowen v. Harris*, 666 F.2d 60 (4th Cir.1981). In that case, the Court found that

> even though the subsequent claim be the same claim for res judicata purposes, if it has nevertheless been reconsidered on the merits to any extent and at any administrative level, it is thereupon properly treated as having been, to that extent, reopened as a matter of administrative discretion under 20 C.F.R. 404.989 (1981).

*McGowen*, 666 F.2d at 67. *See also Farley v. Califano*, 599 F.2d 606 (4th Cir.1979); *Cleaton v. Secretary, Department of Health and Human Services*, 815 F.2d 295 (4th Cir.1987); *Jelinek v. Heckler*, 764 F.2d 507 (8th Cir.1985). (In each of these cases the court found a *de facto* reopening of an earlier decision denying benefits following a review of the merits by the Secretary.)

The Secretary contends, however, that the district court lacks subject matter jurisdiction over the refusal to reopen plaintiff's claim, citing the time limitation expressly stated in the Social Security Act. 42 U.S.C. § 405(g) states in relevant part:

> Any individual, after any final decision of the Secretary to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision *by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.* (emphasis added.)

Section 405(h) further provides that:

> The findings and decision of the Secretary made after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

While the 60-day restriction is not jurisdictional, *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), § 405(g) generally precludes late judicial challenge to the denial of benefits. In *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977), the Supreme Court held that

> an interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the Congressional purpose, *plainly evidenced in 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits.* 20 CFR 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice. (emphasis added.)

In the absence of a constitutional claim, the district court lacks subject matter jurisdiction over such a claim. *Id.*, 97 S.Ct. at 986;

 

*see also Latona v. Schweiker,* 707 F.2d 79 (2nd Cir.1983).

■ In this case, plaintiff argues that denying him benefits retroactive to 1976 would constitute a violation of his substantive due process rights. I do not find that plaintiff has stated a colorable constitutional claim. *See Califano v. Sanders,* 430 U.S. at 109, 97 S.Ct. at 986 ("This is not one of those rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds."); *see also Morris v. Sullivan,* 897 F.2d 553, 557 (D.C.Cir.1990). Accordingly, this case is controlled by *Califano v. Sanders,* pursuant to which authority I grant defendant's motion to dismiss the complaint and deny plaintiff's motion for summary judgment. *See Dozier v. Bowen,* 891 F.2d 769 (10th Cir.1989).

■ In dismissing the complaint, I note, and reject, plaintiff's argument that a tolling of the 60–day statute of limitations is warranted by the Secretary's failure to apply properly the treating physician rule in considering both of plaintiff's earlier applications for benefits. *Cf. Bowen v. City of New York,* 106 S.Ct. at 2030; *see also Bolden v. Bowen,* 868 F.2d 916, 919 (7th Cir.1989).

## CONCLUSION

The Social Security Act provides a system for the distribution of benefits to disabled workers. The plaintiff participated in this system, formerly as a contributor and now as a beneficiary. In order to avail himself of the system's benefits, plaintiff necessarily, and successfully, challenged its denial to him of benefits, in accordance with the Social Security Act and its regulations. Having successfully litigated his 1985 claim, the plaintiff has been granted benefits retroactive to January 1984, one year prior to the filing of his claim, pursuant to 42 U.S.C. §§ 416(i) and 423(a)(1). Under the facts of this case, I find he can ask no more.

WHEREFORE, defendant's motion to dismiss the complaint is granted; plaintiff's motion for summary judgment is denied; this case is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.