**Alice GUY, Plaintiff,**

v.

**Louis SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. CIV–89–0386C.**

United States District Court, W.D. New York.

May 4, 1990.

Douglas F. Godinho, Hamburg, N.Y., for plaintiff.

Dennis C. Vacco, U.S. Atty. (Stephen J. Baczynski, Asst. U.S. Atty., of counsel), Buffalo, N.Y., for defendant.

## INTRODUCTION

CURTIN, District Judge.

Plaintiff, Alice M. Guy, brings this action for summary judgment against defendant, Secretary of Health and Human Services ("Secretary"), under 42 U.S.C. § 405(g) and pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that there is no genuine issue of material fact and she is entitled to judgment as a matter of law. Defendant moves to dismiss the action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that this court lacks subject matter jurisdiction and that plaintiff has failed to state a claim upon which relief can be granted.

## FACTS

Claimant initially filed for disability benefits in January 1980 alleging an onset disability date of April 5, 1978. Claimant was authorized to return to work, avoiding heavy lifting on July 15, 1978. Her application for benefits was denied on September 9, 1980, (Item 10, Exhibit A, p. 3).

A second claim for disability and disability insurance was filed, *pro se*, on February 23, 1982, alleging a disability onset date of June 26, 1981. The application was denied on June 2, 1982 and no further action was taken by plaintiff, (Item 7, p. 4).

Later, on February 21, 1986, plaintiff filed again for disability benefits based on the June 26, 1981 onset date. She specifically requested that her 1982 file be reopened and a revised determination be made. A hearing was held in Buffalo, New York, on July 1, 1986 in which the claimant and her husband testified on her behalf and in which she was represented by counsel. Defendant states that claimant's 1986 application was denied on October 1, 1986 and upon reconsideration on December 24, 1986. *Id.*

According to the ALJ records available to the court, the 1986 application for benefits was denied on July 16, 1987, (Item 10, Exhibit A). The discrepancy between defendant's and claimant's assertion, is unexplained. Nonetheless, the ALJ's adverse decision was put before the Appeals Council by letter dated July 20, 1987. *Id.*, Exhibit B.

On September 29, 1987, the Appeals Council noted that in the decision the ALJ had declined to follow the "treating physician rule" and had failed to discuss why he did not find the treating physician's opinion persuasive. It concluded that under 20 C.F.R. § 404.970(a)(2) the ALJ's decision reflected an error of law. *Id.*, Exhibit C, p. 2. Therefore the Appeals Council granted the request for review by vacating the 1986 hearing decision and pursuant to 20 C.F.R. § 404.977, remanded the case to the ALJ for a new hearing and a new decision in accordance with Council findings. *Id.*

The ALJ was requested to obtain detailed information from claimant's treating physician, Dr. Genco, to consider adding information by a vocational expert and to determine if claimant "is under a 'disability' which began on or before December 31, 1986," *Id.*, Exhibit C, p. 3, the last date for which disability insured status requirements are met. The ALJ was directed to articulate why the opinion of Dr. Genco was or was not persuasive in light of *Schisler v. Heckler*, 787 F.2d 76 (2d Cir.1986). *Id.*

The new hearing was held before the same ALJ on February 16, 1988 and a new decision was rendered effective February 25, 1988. Regarding claimant's 1986 application the ALJ held: 1) claimant's impairments did not meet or equal the criteria of the Listing of Impairments under Appendix 1, Subpart P, Regulation No. 4, 2) claimant's impairments or combination thereof prevented her from performing her previous work and 3) claimant's ability to perform sedentary work is so constrained that the economy could not provide her with a significant number of job alternatives. Consequentially the ALJ found claimant was "disabled" under 20 C.F.R. § 404.1520(f) and entitled to disability benefits as of June 26, 1981 (Item 7, Exhibit 1).

By letter dated March 28, 1988 claimant learned of her specific disability entitlement due to the February 25, 1988 decision of the ALJ (Item 10, Exhibit D). This entitlement was subject to timely appeal. *Id.* When claimant's award benefits only dated back to February 1985, her attorney requested a timely review of the decision and the effective award date. The attorney's April 4, 1988 letter specifically questioned why the award certificate did not reflect the June 26, 1981 onset date of disability that was established by the ALJ's last decision. *Id.*, Exhibit E.

The Appeals Council issued an order dated March 8, 1989 rejecting claimant's request for review (Item 7, Exhibit 2). The Council found that there was no basis under the relevant regulations to grant the request for review since the good cause requirements were not met. Specifically the Appeals Council found that the medical reports in the current report duplicated reports originally included in the 1982 application and that while new, did not review any material fact or item of evidence not apparent from the previous claim. *Id.*

Claimant was also informed that the denial of claimant's request for review meant that the ALJ's February 25, 1988 decision became the final decision of the Health and Human Services ("Secretary") in her case. *Id.* Claimant was entitled to and by this action has timely filed a civil action in federal court for review of the Secretary's final decision.

## DISCUSSION

Claimant seeks federal court review of the ALJ's decision on her 1986 application for disability benefits based on the Secretary rendering a final decision in her case. She also asserts that since she requested a reopening of her 1982 application and since the ALJ was directed on remand to determine and did determine that her disability began on June 26, 1981, her 1982 application was in effect reopened.

Defendant on the other hand argues that this court lacks subject matter jurisdiction over claimant's 1982 application because there was no final decision within the meaning of 205(g) of the Social Security Act, 42 U.S.C. § 405(g). It is further asserted by defendant that claimant's failure to request a review of the denial of her 1982 application within the sixty day deadline, procedurally precluded the Secretary's ruling on her 1982 claim from being a final one and thus was not subject to review in federal court.

The issues now before the court seem to turn on 1) whether the ALJ decision of February 25, 1988 was a final decision, and if so 2) precisely what issues were covered by that decision. The arguments on both sides are well made but the claimant's position is more persuasive. Claimant's motion for judgment is granted and a writ of mandamus shall issue to compel the Secretary to pay her disability benefits retroactive to December.1981. The defendant's motion to dismiss is denied.

*Decision of February 25, 1988*

■ A final decision of the Secretary is one rendered following a hearing in which the claimant was a party and is reviewable according to the provisions of the Social Security Act. *Weinberger v. Salfi,* 422 U.S. 749, 751, 95 S.Ct. 2457, 2460, 45 L.Ed.2d 522 (1975). Under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), § 205(g) of the Act exclusively governs reviewability:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, ... may obtain a review of such a decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow....

Claimant's 1986 application for benefits was initially denied, then put before the Appeals Council which vacated and remanded the decision citing insufficient information on record and the ALJ's failure to follow the "treating physician rule" (Item 10, Exhibit A–C). After a new hearing was held, additional evidence was put on record and then the same ALJ wrote a new decision finding claimant entitled to benefits. A subsequent request for review of the award date from which benefits were to accrue by the Appeals Council was denied. The denial effectively made the decision granting benefits a final decision of the Secretary under the requirements of § 205(g). *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Since there was a final decision concerning claimant's 1986 application, the court next turns to consider just what issues were covered by that decision.

*Issues covered in the ALJ's Final Decision*

The final decision, issued February 25, 1988, determined that claimant's disability eligibility began on July 26, 1981. While the decision did not discuss claimant's request to reopen her 1982 application and the Appeals Council on March 8 1989, expressly declined to do so, the ALJ necessarily considered information that was the basis of the 1982 claim. The questions arise as to whether the information considered was in fact new, and in using this information, what was the procedural impact on claimant's request to reopen her 1982 claim.

a. New Information

According to the Appeals Council order of remand, the ALJ was hindered in its initial decision because the record was too limited (Item 10, Exhibit C). In particular the record, which included mainly a summary of claimant's care by her treating physician, Dr. Genco, failed to support a finding that claimant was or was not disabled and did not therefore support by substantial evidence the ALJ's decision under the requirements of 20 C.F.R. § 404.1520(f). The ALJ was directed to issue a new decision based on a complete record. *Id.*

The complete record was to be fashioned by evidence detailing claimant's symptoms, clinical findings, response to treatment since her alleged date of disability, hospitalization records dating back to 1978 and to give due deference to the opinion of claimant's treating physician, Dr. Genco. Additionally, vocational information relating to exertional limitations and/or transferable skills could be used, subject to certain limitations. *Id.* The breadth and detail of the information added, undoubtedly included new and material evidence in the record. The final decision of the ALJ bears out this assertion because claimant is found disabled based on the reports of Dr. Genco, *Carrol v. HHS,* 705 F.2d 638 (2d Cir.1983), the treating neurologist report and the vocational findings, all of which were either absent earlier or contained insufficient detail (Item 7, Exhibit 1, pp. 16–17).

b. Procedural Impact

■ Since the record considered by the ALJ in its final decision included information dating back to 1978, he explicitly reviewed information filed with and after the 1982 application. Did the ALJ effectively reopen the 1982 claim by this action? We think so.

The Secretary has discretion to reopen prior applications within four years of an initial determination on a good cause basis. Under 20 C.F.R. § 404.989(a)(1) "good cause" to reopen exists if "new and material evidence is furnished." Since claimant filed within the requisite time, her 1982 application could be reopened upon meeting the "good cause" requirement.

However, the Secretary's denial of claimant's request, (Item 7, Exhibit 2), is not considered an initial determination under 20 C.F.R. § 404.903 and therefore not subject to judicial review. *Califano v. Sanders supra.* Nonetheless, many Circuits have not considered the issue ended here, but have examined the record to determine if a *de facto* reopening occurred. *Coup v. Heckler,* 834 F.2d 313, 317 (3rd Cir.1987), *on remand* 706 F.Supp. 405 (W.D.Pa.1989) (district court found that a review of the administrative record demonstrated a *de facto* reopening had occurred); *Cleaton v. Secretary,* 815 F.2d 295, 298 (4th Cir.1987) (reopening actually occurs when subsequent duplicate claims are administratively considered on the basis of merit and relevant new or material evidence); *Jelinek v. Heckler,* 764 F.2d 507, 508 (8th Cir.1985) (a reopening has occurred based on administrative discretion where disability claim is reconsidered on the merits); *Taylor v. Heckler,* 738 F.2d 1112, 1115 (10th Cir. 1984) (review of the case on the merits through testimony, exhibits and closing arguments which lead to a formal decision, constitutes a *de facto* reopening); *Wilson v. Califano,* 580 F.2d 208 (6th Cir.1978) (ALJ reopened earlier decision by considering new evidence presented at hearing). Administrative *res judicata* is waived where a new proceeding "reviews the entire record ... and reaches a decision on the merits." *Kane v. Heckler,* 776 F.2d 1130, 1132 (3d Cir.1985).

In this case, the ALJ did review the record, including new and material evidence and found that claimant had a disability onset date of June 21, 1981, the very claim in the 1982 application. Therefore the circumstances of this case demonstrate a *de facto* reopening of claimant's 1982 claim. *Coup v. Heckler supra.*

*Writ of Mandamus*

Claimant also seeks Mandamus action under 28 U.S.C. § 1361 to compel the Secretary to issue disability benefits retroactive to the established disability onset date. A writ of mandamus is appropriate where defendant owes plaintiff a clear non-discretionary duty and all other avenues of relief have been exhausted. *Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1983).

The ALJ decision of February 25, 1988, specifically stated that claimant's disability entitlement commenced June 26, 1981 and that she was entitled to disability insurance benefits from that date (Item 7, Exhibit 1, p. 19). The Secretary was under a duty to provide the benefits specifically stated in the final decision. The award benefit date actually granted, February 1985, (Item 10, Exhibit E), can not be justified because of untimely filing. Further, since the Secretary explicitly reopened claimant's 1982 file and awarded benefits from 1981, a writ of mandamus would properly compel the Secretary to pay benefits retroactively to the date of established disability.

## CONCLUSION

The claimant is granted judgment and a writ of mandamus shall issue compelling the Secretary to provide disability insurance benefits retroactive to the disability onset date of June 26, 1981. The defendant's motion to dismiss for failure to state a claim upon which relief can be granted is denied.

So ordered.