**Walter DIXON, Plaintiff,**

**v.**

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

**No. CV–96–1067.**

United States District Court,
E.D. New York.

Feb. 8, 1997.

Scheine, Fusco, Brandenstein & Rada (Michelle F. Strum, of counsel), Woodbury, NY, for Plaintiff.

Zachary W. Carter, United States Attorney, E.D. New York by Tracey L. Salmon, Assistant United States Attorney, Rosanne Harvey, Assistant United States Attorney, Brooklyn, NY, for Defendant.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

This is an action brought by the plaintiff, Walter Dixon ("Dixon" or the "plaintiff") for judicial review of the determination by the defendant, Shirley S. Chater, Commissioner of the Social Security Administration, ("Commissioner" or the "defendant"), that denied the plaintiff's application for a period of disability between 1992 and 1993. The defendant moves to dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). The plaintiff cross-moves for judgment on the "administrative record", whatever that is, and on the pleadings pursuant to Fed.R.Civ.P. 12(c).

## I. BACKGROUND

Walter Dixon, a 48 year old man at the time of the initial filing for Social Security disability benefits in 1992, alleges that he has been totally disabled and unable to work since August 30, 1991 due to a back injury he sustained while moving a television set at work. According to the plaintiff, he was employed as a service technician for twenty-seven years prior to his injury. Dixon states that he required surgery to correct his back problem. After the surgery, the plaintiff contends that he found it impossible to work in any capacity, and therefore, in or about January, 1992, he filed an application for social security disability benefits. This application was initially denied on April 23, 1992. The defendant asserts that the plaintiff did not appeal from the denial of benefits.

On September 26, 1992, after bedrest and physical therapy, Dixon returned to work. However, on January 26, 1993, Dixon allegedly hurt his back again. As a result of this injury, on August 13, 1993, the plaintiff filed another application for social security disability benefits alleging a January 26, 1993 onset of disability. This second application was initially denied on January 12, 1994. His application for reconsideration was denied on March 22, 1994. On April 18, 1994, the plaintiff filed a request for a hearing before an Administration Law Judge ("ALJ"). The hearing was held on November 18, 1994, at which time the plaintiff moved to reopen his prior application for social security disability benefits pursuant to 20 C.F.R. § 404.989(b) based upon new and material evidence. He further requested that the ALJ consider the prior period either as part of a nine month trial work period or a separate closed period of benefits.

In a decision dated December 28, 1994, the ALJ determined that the plaintiff had been unable to perform work since January 26, 1993 when he reinjured his back. However, he also found that Dixon's prior application of January 1992 could not be reopened. Dixon then filed a request for the Appeals Council to review the ALJ's decision which denied his request to reopen his prior application. In a decision dated January 26, 1996, the Appeals Council denied the plaintiff's request

for review and affirmed the decision of the ALJ. On March 18, 1996, Dixon commenced this federal action seeking review of the determination denying his request to reopen his January, 1992 application. The defendant now moves to dismiss the Complaint for lack of subject matter jurisdiction.

## II. DISCUSSION

### A. The defendant's motion to dismiss for lack of subject-matter jurisdiction

The defendant moves to dismiss the complaint pursuant to Rule 12(b)(1) based on lack of subject matter jurisdiction. According to the Second Circuit, "[i]n determining whether the federal courts have subject matter jurisdiction over a cause of action, a district court must look to the way the complaint is drawn to see if it claims a right to recover under the laws of the United States." *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1055 (2d Cir.1993), *cert. denied*, 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994) (quoting *Goldman v. Gallant Sec., Inc.*, 878 F.2d 71, 73 (2d Cir.1989)).

### B. Judicial review of a denial to reopen a disability benefits application

An individual is entitled to disability insurance benefits under the Social Security Act if the individual is unable:

> ... to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.... An individual shall be determined to be under a disability only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. § 423(d)(1)(2).

In this case, the ALJ determined that Dixon was disabled as of January 26, 1993 but denied his request to reopen his prior application for Social Security disability ben-

efits filed in January, 1992. Therefore, the issue is whether this Court has subject-matter jurisdiction to review the denial of a request to reopen a prior social security disability benefits application.

Section 405(g) of the Social Security Act provides that "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days. . . ." 42 U.S.C. § 405(g). This provision clearly limits judicial review to a particular type of agency action, namely, a final decision after a hearing. *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977). The Commissioner's refusal to reopen a prior final decision without a hearing is not a "final decision of the Secretary made after a hearing" within the meaning of Section 405(g) and is therefore not reviewable. *Califano v. Sanders,* 430 U.S. at 108, 97 S.Ct. at 985–86; *Brown v. Sullivan,* 912 F.2d 1194, 1196 (10th Cir.1990). Section 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." *Califano,* 430 U.S. at 108, 97 S.Ct. at 985.

While ordinarily a district court does not have subject matter jurisdiction over an action to reopen a claim for disability benefits, the denial of benefits may be challenged on constitutional grounds. *Califano,* 430 U.S. at 109, 97 S.Ct. at 986. If the claimant asserts a colorable constitutional claim, the district court has jurisdiction to consider whether the Commissioner's refusal to reopen the prior decision was proper. *Id.* In the absence of such a constitutional claim, the district court lacks jurisdiction to further review the claim. *Latona v. Schweiker,* 707 F.2d 79, 81 (2d Cir.1983); *Willow v. Sullivan,* 733 F.Supp. 591, 594 (W.D.N.Y.1990).

## C. *The parties' arguments*

The plaintiff contends that once a claim for Social Security disability benefits has been administratively adjudicated by both the ALJ and the Appeals Council, the Social Security Act does provide for review by a federal court of the final administrative decision under 42 U.S.C. § 405(g). The plaintiff asserts

that according to the Social Security Regulations "the Secretary has discretion to reopen prior applications within four years of an initial determination on a good cause basis." *Guy v. Sullivan,* 736 F.Supp. 1255 (W.D.N.Y. 1990).

Dixon alleges that he had "good cause" in requesting the reopening of his prior January 1992 application. The "good cause" consisted of new and material evidence as described in 20 C.F.R. § 404.989(a)(1) not considered by the Commissioner in the first application. The plaintiff claims that the Commissioner only construed a portion of the relevant medical records in its denial and failed to consider any diagnostic testing or evidence by the treating orthopedist. Thus, according to the plaintiff, all of the orthopedist's medical reports and diagnostic test results constituted new and material evidence which should have permitted the reopening of the prior application.

Further, the plaintiff maintains that the decision stated that "if you desire a court review of the ALJ's decision, you may commence a civil action by filing a complaint in the United States District Court in the judicial district in which you reside within sixty (60) days from the date of the receipt of this letter." Dixon asserts that the language of the decision implies that the Appeals Council considered its refusal to reopen the prior application as a final decision, and that review of this refusal was available by commencing an action in federal court. The plaintiff also claims that even if the issue of reopening was not generally appealable, the Commissioner had clearly waived the issue.

In addition, the plaintiff asserts that this case falls squarely within the exception to *Califano* as expressed in *Guy v. Sullivan,* 736 F.Supp. 1255 (W.D.N.Y.1990) and *Malave v. Sullivan,* 777 F.Supp. 247 (S.D.N.Y. 1991). Dixon states that *Guy* and *Malave* stand for the proposition that when "the Secretary reviews the entire record and renders a decision on the merits, the earlier decision will be deemed to have been reopened and any claim of administrative res judicata to have been waived by the Secretary." *Malave,* 777 F.Supp. at 251; *see also Guy,* 736 F.Supp. at 1259. The plaintiff con-

tends that those holdings noted that "the crucial inquiry is whether, in ruling on the present application, the Secretary addressed the prior decisions and held all or part of the claim barred by res judicata, or whether he proceeded to review the entire record in the new proceeding and reach[ ] a decision on the merits." *Id.* According to the plaintiff, the court in *Malave* determined that the ALJ had constructively reopened the claimant's prior applications due to the fact that "the ALJ considered the entire record in the case, including medical evidence as far back as 1984 and testimony about the period before then." *Id.* The plaintiff also states that the same issue and outcome occurred in *Guy v. Sullivan,* 736 F.Supp. 1255, 1259 (W.D.N.Y. 1990). Dixon maintains that the court in *Guy* found that de facto or constructive reopening had occurred because the ALJ's final decision included information dating back to the prior application.

The plaintiff maintains that in this case the ALJ considered medical evidence relating back to the plaintiff's injury on August 30, 1991 and his application filed in January, 1992, namely the records from Mather Hospital, the MRI of September 17, 1991, and the reports of the treating orthopedic surgeon. Thus, Dixon alleges that the ALJ did reopen the prior application in determining that the plaintiff was not disabled from August 1991 to January 1993.

On the other hand, the defendant contends that this Court does not have subject matter jurisdiction to adjudicate this matter because the Supreme Court in *Califano* held that the Social Security Act does not afford an implied or implicit grant of subject-matter jurisdiction permitting federal judicial review of agency action. The defendant asserts that Section 405(g) is the sole ground for judicial review and its terms must be complied with. Section 405(g) provides for review of a "final decision of the Commissioner made after a hearing."

Here, the Commissioner denied the plaintiff's application to reopen his prior case. Section 404.988 sets forth the conditions for reopening, as follows:

A determination, revised determination, decision, or revised decision may be reopened

(b) within four years of the date of the notice of the initial determination if we find good cause, as defined in 404.989, to reopen the case;

Good cause is defined in section 404.989, as follows:

(a) We will find that there is good cause to reopen a determination or decision if—
   (1) New and material evidence is furnished;
   (2) A clerical error in the computation or recomputation of benefits was made; or
   (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
(b) We will not find good cause to reopen your case if the only reason for reopening is change of legal interpretation or administrative ruling upon which the determination or decision was made.

The defendant concedes that the plaintiff filed his current application within four years of the date of the initial determination of his prior application, and can be reopened for "good cause." However, the defendant contends that the Commissioner has determined that there is no basis for reopening applications except in very rare circumstances which are not present here. Otherwise, the main contention by the defendant is that the decision of the Commissioner not to reopen a prior application is not reviewable by the courts.

### D. *The Court lacks subject-matter jurisdiction*

The law in this Circuit is set forth in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) and *Latona v. Schweiker,* 707 F.2d 79 (2d Cir.1983). These cases say that in the absence of a colorable constitutional claim, the district court lacks subject matter jurisdiction over review of the Commissioner's refusal to reopen a prior final decision. Accordingly, because the Commissioner declined to reopen the prior

determination, this Court lacks jurisdiction to review that decision.

The Court agrees District Judge Elfvin in *Antonucci v. Chater,* 1996 WL 304528 (W.D.N.Y.), when he stated that reliance on *Guy v. Sullivan* and *Malave v. Sullivan* is problematic. The Court finds that the basis for those decisions and the case law upon which they rely, are contrary to the holding in *Califano v. Sanders* and *Cappadora v. Celebrezze,* 356 F.2d 1 (2d. Cir.1966), and thus are not controlling and will not be followed.

In *Califano v. Sanders,* the United States Supreme Court held that a claimant may seek judicial review of a hearing if authorized by Section 405(g), but "a petition to reopen a prior final decision may be denied without a hearing provided in § 405(b)." *Califano* at 108, 97 S.Ct. at 985 (citing *Cappadora v. Celebrezze,* supra). In *Califano,* the Supreme Court observed that "an interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 405(g), to a 60–day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Califano* at 108, 97 S.Ct. at 986.

Further in *Califano,* it was stated that "Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice." *Califano,* at 108, 97 S.Ct. at 986. This Court will also respect congressional choice. Therefore this Court finds that only hearings required by 42 U.S.C. § 405(g) furnish the basis for judicial review. See *Califano* at 101, 97 S.Ct. at 982. In *Cappadora,* the Second Circuit held that in order to foster proper administration of the Social Security Act, section 405(g) must be interpreted to apply only to the mandatory hearing required by that section. *Cappadora* at 3.

■ In the present case the Commissioner denied the plaintiff's request to reopen the prior application of January, 1992. In accordance with *Califano,* this denial does not constitute a "final decision of the Secretary made after a hearing" within the meaning of section 405(g). Therefore this Court does not have subject matter jurisdiction in this matter.

■ In addition the Court rejects the plaintiff's contention that the Commissioner waived the issue. While the Secretary can expand the period of time in which a claimant may seek judicial review of a decision encompassed by section 405(g) the Secretary cannot, by consent or otherwise, create subject matter jurisdiction to review a decision that is not a final decision made after a hearing within the meaning of section 405(g). *Latona v. Schweiker,* 707 F.2d 79, 81 (2d Cir. 1983).

### III. *CONCLUSION*

After reviewing the parties submissions, and having heard oral argument, and for the reasons set forth above, it is hereby,

**ORDERED,** that the defendant's motion to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) is granted, it is further

**ORDERED,** that based upon the finding of this Court that it lacks subject-matter jurisdiction, the plaintiff's cross-motion for judgment on the pleadings pursuant to Fed. R.Civ.P. 12(c) is denied, it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**